**GEOCHEM TECH CORPORATION,**
Petitioner,

v.

**Michael S. VERSECKES, GeoServ Company, Inc., Breckenridge Exploration Company, Inc., Johnny L. Rowe and James T. Clay, Respondents.**

No. 96–1121.

Supreme Court of Texas.

Feb. 13, 1998.

---

William G. Thompson, Linda Bass Cauffman, Breckenridge, John W. Bickel, II, J. Robert Arnett, Dallas, for Respondents.

OWEN, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, HECHT, ENOCH, SPECTOR, ABBOTT and HANKINSON, Justices, join.

The issue in this case is whether a nonsuit fixes venue in the county to which transfer is sought when the nonsuit is taken after a motion to transfer has been filed but before a ruling on venue has been made. The court of appeals concluded that the effect of a nonsuit under our current rules of procedure is the same as it was under the former venue rules and held that venue was fixed in the county to which transfer was sought. 929 S.W.2d 85. We hold that the effect of a nonsuit depends on the state of the record at the time it is filed and that under the facts of this case, venue was not fixed solely in Stephens County, a county to which transfer was sought.

In December 1993, GeoChem Tech Corporation sued GeoServ Company and Michael Verseckes in Dallas County. GeoChem sought damages and injunctive relief. GeoServ filed a motion to transfer asserting that venue was mandatory in Stephens County under TEX. CIV. PRAC. & REM.CODE § 65.023(a) (requiring a suit for injunctive relief to be tried in county of defendant's domicile). The same day, Verseckes filed a motion to transfer, relying on the same mandatory venue provision, but requested that the lawsuit be transferred to Van Zandt County, a county in which he claimed to reside. Subsequently, Verseckes filed an amended motion to transfer venue and sought to have the case transferred to Stephens County instead of Van Zandt County, still asserting mandatory venue, but claiming that he was a resident of Stephens County as well as Van Zandt County. GeoChem then amended its petition, adding three other defendants.

Before the Dallas County trial court ruled on the motions to transfer, GeoChem nonsuited the entire case. On that same day, GeoChem refiled its suit in Van Zandt Coun-

Jerry K. Clements, Dallas, Brenda Seale Gray, Breckenridge, Stacy Jordan Rodriguez, Dallas, for Petitioner.

ty against all defendants. The defendants filed motions to transfer to Stephens County, and the Van Zandt County trial court granted those motions. The Stephens County trial court ultimately rendered final judgment against GeoChem. GeoChem appealed the venue ruling as well as other adverse determinations. The court of appeals reversed and remanded in part, but held that the case was properly transferred to Stephens County. We reverse the judgment of the court of appeals and remand to the trial court for further proceedings in accordance with this opinion.

Under our former venue practice, the filing of a proper plea of privilege constituted prima facie proof of a defendant's right to obtain a transfer. *See* former TEX.REV.CIV. STAT. art.2007;[1] former TEX.R. CIV. P. 87 (Vernon 1979, amended 1983); *see also Tempelmeyer v. Blackburn*, 141 Tex. 600, 175 S.W.2d 222, 224 (1943). The plea of privilege was required to be verified and was required to affirmatively assert certain facts. *See* former TEX.REV.CIV. STAT. art.2007; former TEX.R. CIV. P. 87. If a plaintiff took a nonsuit while the plea of privilege was pending, venue was fixed in the county to which transfer was sought. *See Tempelmeyer*, 175 S.W.2d at 224; *see also Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 756–57 (Tex.1993). Because the plea of privilege was prima facie proof of the right to transfer, the dismissal was deemed an admission that venue was improper in the original county of suit and that the defendant had the right to transfer venue. *See Ruiz*, 868 S.W.2d at 757; *Tempelmeyer*, 175 S.W.2d at 224.

We no longer have a "plea of privilege" under our venue statutes and rules. Instead, a party seeking to transfer a suit must file a motion objecting to venue. *See* TEX.R. CIV. P. 86. Verification of the motion is not required, and the motion may be, but is not required to be, supported by affidavits at the time it is filed. *See* TEX.R. CIV. P. 86(3). As the court of appeals correctly observed, all venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party. *See* TEX.R.

CIV. P. 87(3)(a). When a venue fact is specifically denied, the party pleading the fact must submit supporting affidavits or otherwise make prima facie proof. *See id.* A party who seeks to maintain venue in the county of suit under certain sections of the Civil Practice and Remedies Code has the burden to make prima facie proof that venue is maintainable in that county. *See* TEX.R. CIV. P. 87(2)(a). A party seeking a transfer has the burden to make prima facie proof that venue is maintainable in the county to which transfer is sought. *Id.* Thus, the pleadings at any given point in time after a motion to transfer is filed may or may not establish a prima facie case of proper venue, depending on what has been filed by the plaintiff and what has been filed by the defendant.

When a nonsuit is filed, we must consider the state of the record at that point. Under our current rules of procedure, if an objection to venue in the county of suit has been filed, with or without supporting affidavits, and the plaintiff then takes a nonsuit and has not specifically denied the venue facts averred by the party seeking transfer, the venue facts alleged in the motion to transfer are taken as true. *See* TEX.R. CIV. P. 87.

At the time GeoChem filed its notice of nonsuit, Verseckes had filed a motion to transfer and an amended motion to transfer in which he stated that he resided in Van Zandt and Stephens Counties. GeoChem never met its burden of proving that venue was proper in Dallas County. As discussed above, the venue facts alleged by Verseckes were taken as true under Rule 87(3)(a) until specifically denied, and GeoChem had not specifically denied them. Those mandatory venue facts became established when the nonsuit was filed.

Further, mandatory venue facts had been established by prima facie proof at the time the nonsuit was taken. Verseckes had filed affidavits in which he stated that he resided in both Van Zandt and Stephens Counties. We note that for venue purposes, an individual may have more than one resi-

1. Act of May 8, 1939, 46th Leg., R.S., ch. 27, 1939 Tex. Gen. Laws 204, *repealed by* Act approved May 15, 1939, 46th Leg., R.S., ch. 25, 1939 Tex. Gen. Laws 201.

dence. *See Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136, 140 (1951); *Rosales v. H.E. Butt Grocery Co.,* 905 S.W.2d 745, 748 (Tex.App.— San Antonio 1995, writ denied). There is no contention in this case that the affidavits filed by Verseckes were insufficient to establish prima facie proof of residences in two counties.

█ The court of appeals concluded that although venue was proper in Van Zandt County, once GeoChem had made its "first choice" by filing in a county in which venue was improper, GeoChem was not entitled to refile in a second county of its choice over the objection of a defendant. 929 S.W.2d at 89. The court of appeals reasoned that "there can be only one first choice" because "any other posture would be to promote rather than prevent the very type of legal 'gamesmanship' sought to be prevented under the old venue law." *Id.* We conclude that the venue statutes do not support this conclusion.

The court of appeals recognized that under the current venue statutes, the plaintiff has the "first choice" of venue. 929 S.W.2d at 89 (citing *Wilson v. Texas Parks & Wildlife Dep't,* 886 S.W.2d 259, 260 (Tex.1994)). However, the statutes do not say that the plaintiff may choose venue only once. They simply say that if the county chosen is not proper, the case must be transferred if a sufficient motion is filed and ruled upon. *See* TEX. CIV. PRAC. & REM.CODE § 15.063.

In this case, the mandatory venue provision regarding injunctions requires that the suit be tried in a county in which a defendant against whom the injunction is sought is domiciled. *See* TEX. CIV. PRAC. & REM.CODE § 65.023. When GeoChem filed its second suit in Van Zandt County, it did so in full compliance with the mandates of the venue statutes. *See id.* GeoChem did not lose the right, under the facts of this case, to choose between two counties in which mandatory venue is proper by filing its first suit in a county in which venue was improper. Because venue in Van Zandt County was proper under TEX. CIV. PRAC. & REM.CODE § 65.023, the trial court erred in transferring the case to Stephens County. *See* TEX.R. CIV. P. 87(3)(c) (providing that if a claimant has made prima facie proof that venue is proper in the county of suit, the cause shall not be transferred unless the motion to transfer is based on a mandatory exception or on grounds that an impartial trial cannot be had in the county where the action is pending).

Under Rule 59.1 of the Texas Rules of Appellate Procedure, the Court grants Geo-Chem's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands this case to Van Zandt County for further proceedings.

BAKER, J., noted his dissent.