**Kenda D. PEYSEN, Appellant,**

v.

**Rick DAWSON and State Farm Mutual Automobile Insurance Company, Appellee.**

**No. 04–96–00315–CV.**

Court of Appeals of Texas, San Antonio.

June 17, 1998.

John M. Gillis, Dallas, for appellant.

Grant T. Mcfarland, Ryan G. Anderson, Ball & Weed, P.C., Donald L. Crook, Richard W. Hunnicutt, III, Allen, Stein, Powers, Durbin & Hunnicutt, P.C., San Antonio, for appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

A Collin County district court transferred Kenda Peysen's case to Bexar County, and the assigned Bexar County district court then dismissed her suit. Peysen appeals, contending the Collin County district court erred in transferring her case to Bexar County. We agree and therefore reverse the trial court's judgment and remand the case with instructions to transfer it back to Collin County.

### FACTUAL AND PROCEDURAL BACKGROUND

Peysen alleges she was injured as a result of Rick Dawson's negligence in causing a motorcycle accident at Canyon Lake in Comal County, Texas. At the time of the accident, Dawson was a resident of Bexar County, and it was in that county that Peysen twice filed and twice nonsuited her negligence claims against Dawson and her underinsured motorist claim against her own insurer, State Farm Automobile Insurance Company. In neither suit did either defendant object to venue in Bexar County.

The third time Peysen filed her claims, she did so in Collin County, Texas. Peysen al-

leged Collin County was a county of proper venue because:

(1) The "regional (principal) office of ... State Farm ..., which issued the policy in question is located there, at 17301 Preston Road, Dallas, Collin County, Texas";

(2) State Farm "is a foreign corporation, joint stock company, or association not incorporated by the laws of this state and doing business in this state, with an agency or representative and/or its principal office in Collin County, Texas," such that "[p]ermissive venue is maintainable against [State Farm] in Collin County, Texas, pursuant to Sec. 15.037 Tex. Civ. Prac. & Rem.Code";

(3) State Farm is a private corporation, association, partnership, or joint stock company, with its principal office in Collin County, Texas," such that "[p]ermissive venue is maintainable against State Farm ... pursuant to Sec. 15.036, Tex. Civ. Prac. & Rem. Code"; and

(4) Because venue was proper as to State Farm in Collin County, it was also proper as to Dawson.

In response to Peysen's suit, Dawson and State Farm filed motions denying venue was proper in Collin County and seeking transfer to Bexar County. Specifically, Dawson's motion stated:

Defendant denies that Collin County is a county of proper venue. Defendant further specifically denies the following allegations in Plaintiff's Original Petition:

A. Defendant specifically denies that Plaintiff has plead sufficient venue facts to entitle her to maintain venue in Collin County, Texas;

B. Defendant denies that the cause of action, or any part thereof, which is the subject of this lawsuit accrued or arose in Collin County, Texas; and

C. Defendant specifically denies that venue is proper in Collin County, Texas as to any other Defendant to this cause of action.

State Farm's motion reiterated these denials and also argued venue had been "conclusively" and "judicially" established in Bexar County, Texas as a result of Peysen's earlier Bexar County suits. Without stating a reason for its ruling, the trial court granted the defendants' motions and transferred Peysen's case to Bexar County.

Shortly after the case was transferred, Dawson and State Farm moved to enforce earlier court orders requiring Peysen to pay the court costs in the second Bexar County suit and the Collin County suit or, alternatively, to dismiss Peysen's suit. The trial court granted the motions, dismissed Peysen's suit with prejudice, and ordered her to pay the specified court costs.

### STANDARD OF REVIEW

At the time Peysen filed this suit, Collin County was a county of proper venue as to both Dawson and State Farm *if* (1) venue was not conclusively fixed in Bexar County as a result of Peysen's earlier suits arising out of the same accident; and (2) the record establishes that, at the time Peysen filed this suit, State Farm (a) was a foreign corporation and (b) either had an agency or representative or maintained its principal office in Collin County. TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.037, 15.061 (Vernon 1996), *repealed by* Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 10, 1995 Tex. Gen. & Spec. Laws 978, 981.

Whether a nonsuit fixes venue in the county in which the nonsuited case was filed is a question of law we review de novo. *See GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 543–44 (Tex.1998) (effect of nonsuit on venue determined by state of record at time nonsuit taken). Similarly, in reviewing a venue transfer order, we "review the entire record ... to determine whether there is any probative evidence that venue was proper in [the county of suit]." *Wilson v. Texas Parks & Wildlife Dep't*, 886 S.W.2d 259, 261–62 (Tex.1994) (citing *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757–58 (Tex.1993)); *see generally* W. Wendell Hall, *Revisiting Standards of Review in Civil Cases*, 24 ST. MARY'S L.J. 1041, 1060–61 (1993).

## CONCLUSIVELY ESTABLISHED VENUE

■ Peysen contends venue was not fixed in Bexar County because the defendants had not challenged her venue choice at the time she took her nonsuits. We agree.

■ A plaintiff has " 'first choice' of venue" and does not necessarily lose this right even if she files her suit in a county of improper venue. *GeoChem*, 962 S.W.2d at 544. Rather, the effect of a nonsuit depends upon the effect given the venue facts alleged in the parties' pleadings by the applicable rules of procedure. *See id.* at 543. For instance, because Rule 87(3)(a), TEX.R. CIV. P., provides that "[a]ll venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party," a defendant's properly-pleaded venue fact is established as true if the plaintiff fails to specifically deny the pleaded fact before nonsuiting and refiling her case in another court. *See id.*

In this case, neither defendant objected to venue in Peysen's Bexar County suits. Therefore, the nonsuit established as true only the permissive venue fact alleged in Peysen's petitions—Dawson's residence in Bexar County. *GeoChem*, 962 S.W.2d at 543. This fact does not render Bexar County a county of mandatory venue. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.011–15.017 (Vernon 1996) (repealed 1995). Nor did Peysen lose her " 'first choice' of venue" by filing and twice nonsuiting her claims in Bexar County. *See GeoChem*, 962 S.W.2d at 544; *see also Hyman Farm Serv., Inc. v. Earth Oil & Gas Co., Inc.*, 920 S.W.2d 452, 456 (Tex.App.—Amarillo 1996, no writ) (venue not fixed by "merely filing a suit"). We therefore hold Peysen's Bexar County suits did not "conclusively" or "judicially" fix venue of her claims in Bexar County.

## PROPER VENUE

■ Peysen also argues the Collin County trial court erred in transferring her case to Bexar County because she pleaded venue facts establishing Collin County as a county of proper venue, and neither Dawson nor State Farm specifically denied these facts. Dawson and State Farm argue, on the other hand, their denials shifted the burden to Peysen to make prima facie proof of her pleaded venue facts, and she failed to do so. The parties' dispute thus centers upon how specific a denial must be to shift the burden of production to the pleading party.

As noted above, Peysen pleaded State Farm "is a foreign corporation, joint stock company, or association not incorporated by the laws of this state and doing business in this state, with an agency or representative and/or its principal office in Collin County, Texas...." In response, State Farm and Dawson denied that Peysen pleaded sufficient venue facts to maintain venue in Collin County, denied that any part of Peysen's cause of action accrued in Collin County, and denied that venue was proper in Collin County as to either defendant. Nowhere did either Dawson or State Farm "specifically deny" that State Farm was "a foreign corporation, joint stock company, or association not incorporated by the laws of this state and doing business in this state, with an agency or representative and/or its principal office in Collin County, Texas...." We therefore hold Dawson and State Farm failed to shift the burden to Peysen to make prima facie proof of this pleaded venue fact. *See Maranatha Temple, Inc. v. Enterprise Prods. Co.*, 833 S.W.2d 736, 740 (Tex.App.—Houston [1st Dist.] 1992, writ denied) ("[a] 'specific denial' of a venue fact requires that the fact *itself* be denied" (emphasis in original)), *cited with apparent approval in Wilson*, 886 S.W.2d at 260; *see generally* J. PATRICK HAZEL, TEXAS VENUE 79–80 (1996). To hold otherwise would vitiate the requirement of a specific denial.

## CONCLUSION

Because Peysen's nonsuited Bexar County lawsuits did not conclusively fix venue in Bexar County, and because Dawson and State Farm failed to specifically deny the pleaded venue facts requisite to establishing Collin County as a county of proper venue, the trial court erred in transferring Peysen's case to Bexar County. We therefore reverse the trial court's judgment without reaching Peysen's remaining points of error and remand this case to the trial court with instruc-

tions to transfer the case back to Collin County, Texas. *See Wilson,* 886 S.W.2d at 262.