Carolyn JASKA and David Jaska, Individually and on Behalf of J.J. and K.J., Minors, Appellants,

v.

TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES, James R. Hine, Executive Director of Texas Department of Protective and Regulatory Services, Susan L. Connelly, Peter Deckinga, Linda Wright, Anna Ray Rozell, Meredith Wunderlich, Pam Chick, Wayne Hairgrove, Dottie Dixon, Joyce Marie Francis, and Kaye Sandra Christian, Appellees.

No. 05–02–00539–CV.

Court of Appeals of Texas, Dallas.

May 30, 2003.

Jason CN Smith, Art Brender, Law Office of Art Brender, Fort Worth, for Appellants.

Kamilla Lane Stokes, Austin, for Appellees.

Before Justices JAMES, FRANCIS, and LANG.

## OPINION

Opinion by Justice JAMES.

Carolyn Jaska and David Jaska, individually and on behalf of J.J. and K.J., Minors, (the Jaskas) appeal the Travis County trial court's granting of a motion to transfer venue and the Dallas County trial court's granting of a plea to the jurisdiction. Because we hold the court in Travis County erred in transferring venue, we reverse the Dallas County trial court's judgment and remand with instructions to transfer the case to Travis County.

### BACKGROUND

In September 1997, Carolyn Jaska, thirty-four weeks pregnant and a resident of Dallas County, went to the Harris H.E.B. Emergency Room in Tarrant County complaining of disorientation; Dr. Michael Angelo Basco[1] examined Mrs. Jaska. Basco, who later reported Mrs. Jaska was behaving erratically, informed Mrs. Jaska of serious health complications involving the pregnancy, and Mrs. Jaska brought up the subject of abortion. Basco stated an abortion was not an option and proceeded with inducing labor. Sometime thereafter, Mrs. Jaska left the hospital against medical advice. She delivered a baby boy in October 1997.

Shortly after Mrs. Jaska left the hospital, Basco contacted Child Protective Services (CPS) (a division of the Texas Department of Protective and Regulatory Services (TDPRS)) and reported to CPS that Mrs. Jaska had threatened harm to her unborn infant. CPS conducted a brief investigation, but did not pursue anything further. The Jaskas assert CPS determined it did not have authority to continue the investigation. Appellees[2] state CPS ruled out any abuse or neglect. The Jaskas complain that after CPS ceased its investigation, CPS refused to destroy the file it created during the investigation.

The Jaskas filed suit in Dallas County against Basco and all appellees except James Hine, the TDPRS Executive Director. The Jaskas' suit raised causes of action involving libel, slander, and negligent misrepresentation. Basco filed a counterclaim against the Jaskas for filing a frivolous lawsuit. On August 31, 1999, the Jaskas nonsuited their claim. The court dismissed the counterclaim in October, but reinstated it in November. On September 13, 1999, the Jaskas filed a second suit in Travis County against Basco and all appellees, including Hine, seeking a writ of mandamus against him and TDPRS. In the Travis County suit, the Jaskas requested an injunction, a declaration their constitutional rights were violated, and a

---

1. Basco was incorrectly referred to as "Michael Anthony Basco" in the original pleadings.

2. Appellees include Texas Department of Protective and Regulatory Services, James R. Hine, Executive Director of Texas Department of Protective and Regulatory Services, Susan L. Connelly, Peter Deckinga, Linda Wright, Anna Ray Rozell, Meredith Wunderlich, Pam Chick, Wayne Hairgrove, Dottie Dixon, Joyce Marie Francis, and Kaye Sandra Christian.

writ of mandamus expunging all documents in CPS's possession pertaining to the investigation.

In Travis County, Basco moved for a transfer of venue, and the trial court granted the motion, transferring the case to Dallas County. On March 20, 2000, the Dallas County court consolidated the transferred Travis County suit with the Dallas County counterclaim filed by Basco. The Dallas County court granted appellees' plea to the jurisdiction on January 17, 2002. Basco and the Jaskas resolved all matters in controversy between them, and the trial court dismissed their claims against each other, with prejudice, on September 4, 2002. The Jaskas now appeal the transfer of venue and the granting of the plea to the jurisdiction.

## Standard of Review

Appellees argue we should review the transfer of venue like "any other review of a trial court's fact findings and legal rulings," upholding the trial court's determination even if a preponderance of the evidence is to the contrary. Appellees cite two cases in support of their assertion, *Bonham State Bank v. Beadle*, 907 S.W.2d 465 (Tex.1995), and *Ruiz v. Conoco*, 868 S.W.2d 752 (Tex.1993), but appellees misinterpret the standard of review in those cases and its application to a case involving a *granted* motion to transfer venue. In *Beadle*, the supreme court affirmed the reversal of a denial of a motion to transfer venue because the county in which the suit

remained was not a county of proper venue. *Beadle*, 907 S.W.2d at 470.[3] *Ruiz* also involved an appeal from a denial of a motion to transfer venue. In *Ruiz*, the court reviewed all the evidence, looking at whether there was "any probative evidence ... that venue was proper in the county where judgment was rendered." *Ruiz*, 868 S.W.2d at 758.[4] This "any probative evidence ... that venue was proper" language is the language appellees quote as supporting their assertion we should affirm venue in Dallas County if we find any evidence venue was proper in Dallas County. However, because *Ruiz* involved an appeal of a *denial* of a motion, that court was determining if there had been any evidence to support venue in the county where plaintiff filed suit—the county from which venue was *not* transferred. The Texas Supreme Court later clarified this standard of review by stating if the county chosen by plaintiffs in a lawsuit was a county of proper venue, then a county to which a suit is transferred "cannot be a county of proper venue as a matter of law." *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 261–62 (Tex.1994); *see also Ford Motor Co. v. Miles*, 967 S.W.2d 377, 380 (Tex.1998). The court explained that an interpretation allowing a transfer of venue to be affirmed on appeal, when the original county the plaintiff selected had been a county of proper venue, would "eviscerate the plaintiff's right to select venue." *Wilson*, 886 S.W.2d at 261. Accordingly, we reject appellees' proposed standard of review.

---

**3.** In *Beadle*, the defendant moved to transfer venue from Fannin County to Dallas County. The trial court denied the motion. The court of appeals reversed, concluding that Fannin County had not been a county of proper venue, but Dallas County had been. The supreme court affirmed the court of appeals' determination the case should have been transferred to Dallas County.

**4.** The defendant in *Ruiz* moved to transfer venue from Starr County to Harris County. The trial court denied the motion. On appeal, the supreme court concluded there was no basis for venue in Starr County. Because there was evidence venue was proper in Harris County, the court reversed the trial court and remanded with instructions that the case be transferred to Harris County.

Instead, the appropriate standard of review is *de novo*. We look to determine if there is any probative evidence venue would have been proper in Travis County. *See id.* If so, it was reversible error for the Travis County court to have transferred venue to Dallas County. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986).

### THE TRAVIS COUNTY MOTION
### TO TRANSFER VENUE

The Jaskas argue the Travis County court erred in granting Basco's motion to transfer venue. We agree. In the initial lawsuit the Jaskas filed in Dallas County, Basco moved to transfer venue to Tarrant County. The court denied his motion, thereby fixing venue in Dallas County. *See Hendrick Med. Ctr. v. Howell*, 690 S.W.2d 42, 44 (Tex.App.-Dallas 1985, no writ). After the Jaskas nonsuited that claim, they filed a new suit in Travis County, pleading new causes of action and adding Hines as a defendant. Basco again moved to transfer venue, this time back to Dallas County. Basco asserted a venue transfer was warranted because venue was not proper in Travis County. He pointed to his pending Dallas County counterclaim as a reason and asserted the Jaskas waived the Travis County venue by previously fixing venue in Dallas County. He argued the Jaskas were attempting to forum-shop by adding Hines as a defendant

When a motion to transfer venue is filed, the initial burden of proof that venue is maintainable in the county of suit is on the plaintiff. TEX.R. CIV. P. 87(2)(a). If the defendant specifically denies the properly pleaded venue facts, the plaintiff must support his pleadings by prima facie proof of the venue facts. *Id.* 87(3)(a). This prima facie proof is not subject to rebuttal, cross-examination, impeachment, or disproof. *See Ruiz*, 868 S.W.2d at 757. If the plain-

tiff meets the burden of showing prima facie proof, the trial court must maintain the lawsuit in the county in which it was filed unless a mandatory provision applies or unless the defendant brings forth "conclusive proof" to destroy the plaintiff's prima facie proof. TEX.R. CIV. P. 87(3)(c); *Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 748 (Tex.App.-San Antonio 1995, writ denied). However, if the plaintiff fails in his burden of showing prima facie proof, the defendant has the burden of showing that venue is maintainable in the county in which the transfer is sought under either a general, permissive, or mandatory venue rule. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 15.001–.066 (Vernon 2002); TEX.R. CIV. P. 87(2)(a). If the defendant succeeds in that showing, the cause will be transferred to the appropriate county. TEX.R. CIV. P. 87(2)(a).

In pleading venue in their original petition in Travis County, the Jaskas cited the mandatory venue provision of the civil practice and remedies code section 15.014 as establishing venue in Travis County. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.014 (Vernon 1986) ("An action for mandamus against the head of a department of the state government *shall* be brought in Travis County." (emphasis added)). The Jaskas also alleged the TDPRS and its employees resided in Travis County. The Jaskas reasserted these issues in their response to Basco's motion to transfer.

In his motion to transfer, Basco did not deny the facts pleaded regarding TDPRS and its employees' residence being Travis County nor did he deny the mandatory nature of section 15.014. *See* TEX.R. CIV. P. 87(2)(a). He instead argued Travis County was not proper because the Jaskas had waived venue in Travis County because they previously filed suit in Dallas County. Basco claimed that because ven-

ue was established as to one defendant, the same court had venue as to all defendants in claims arising out of the same cause of action. However, Basco did acknowledge the existence of new causes of action and a new party in the Travis County suit.

We recognize that rule 87 contemplates only one venue determination in a cause of action. If we allowed a plaintiff to avoid a venue determination merely by nonsuiting and refiling "the same cause of action against the same parties" in a different county, we would, in essence, be ignoring the legislature's intent that a cause of action have only one venue determination. *See Hendrick Med. Ctr.*, 690 S.W.2d at 44. However, when this Court applied this principle in *Hendrick Medical Center*, we applied it to a subsequently filed case involving the *same cause of action* against the *same parties*. Furthermore, since our determination in *Hendrick Medical Center*, the Texas Supreme Court has stated the venue statutes do not state a plaintiff is limited to only one choice regarding venue. *See GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 544 (Tex.1998).[5] In *Verseckes*, the court stated a plaintiff did not lose its right to choose between two counties in which mandatory venue was proper when it originally filed the case in a county in which venue was not proper. *See id.*

In the present case, the Jaskas filed new causes of action *and* filed these actions against a new party, Hines. Although

Basco argued in his motion that the joining of Hines was merely an attempt by the Jaskas to forum-shop, he did not offer any "conclusive proof" to negate the Jaska's prima facie proof that venue was mandatory in Travis County. *See Rosales*, 905 S.W.2d at 748. Accordingly, we conclude Basco did not meet his burden in his motion to transfer venue. As such, it was error for the trial court to have granted Basco's motion to transfer venue.

### APPELLEES' ARGUMENT

Although we have concluded the Travis County court erred in granting the motion to transfer venue, we will address appellees' arguments contending venue was properly transferred to Dallas County. As noted above, among their causes of action in the Travis County suit, the Jaskas sought a writ of mandamus against TDPRS as well as the executive director of TDPRS. They cited the mandatory venue provision of section 15.014 as establishing venue in Travis County. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.014. Appellees do not contest the mandatory nature of section 15.014, and they do not argue section 15.014 does not apply to them. Instead, they argue: (1) Dallas County was a county of proper venue; and (2) the supreme court has exclusive jurisdiction to issue a writ of mandamus against an officer of the state executive branch, basing that argument on section 22.002(c) of the government code.[6] However, as stated

---

**5.** In *Verseckes*, the plaintiff originally filed suit in Dallas County. The defendant moved to transfer to Stephens County. Before the trial court ruled on the motion, the plaintiff non-suited its case and refiled in Van Zandt County, a county of mandatory venue. The defendant filed another motion to transfer in Van Zandt County, which the court granted, transferring the case to Stephens County. The court of appeals had reasoned a plaintiff has only one choice at venue. The supreme

court, however, stated the venue statutes did not support this reasoning; the statutes only state a case must be transferred if the county in which it is filed is not proper. *See Verseckes*, 962 S.W.2d at 543.

**6.** At oral argument, appellees contended the Jaskas would have been unable to prevail on their writ of mandamus. However, appellees did not present this argument in their brief before this Court. Because the argument was not in appellee's brief, we will not consider it.

above, when we apply the appropriate standard of review, the status of Dallas County as a county of proper venue is irrelevant if we determine Travis County was a county of proper venue. *See Wilson*, 886 S.W.2d at 261. Therefore, we turn first to appellees' second contention, arguing venue was not proper in Travis County under section 22.002(c).

The government code, which appellees argue controls venue in this matter, provides:

> Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

TEX. GOV'T CODE ANN. § 22.002(c) (Vernon Supp.2003). However, this section pertains to jurisdiction, not venue. *See State v. Pounds*, 525 S.W.2d 547 (Tex.Civ.App.-Amarillo 1975, writ ref'd n.r.e.) (distinguishing jurisdictional arguments from those involving venue determinations). Which court has jurisdiction is not the matter currently before us in the Jaskas' appeal; [7] the matter before us is whether Travis County was a county of proper venue. And any lack of jurisdiction over the writ of mandamus does not address the court's jurisdiction over the Jaskas' other relief they sought, such as the declaration and injunction.

Section 15.014 of the civil practice and remedies code provides specifically, "An action for mandamus against the head of a department of the state government *shall* be brought in Travis County." TEX. CIV. PRAC. & REM.CODE ANN. § 15.014 (emphasis added). Therefore, venue was proper in Travis County as per this mandatory venue provision, regardless of appellees' contention that only the supreme court had jurisdiction in this matter. As we have stated, that particular question is not before us in this appeal.

## CONCLUSION

Appellees have provided no argument to alter our determination that (1) venue was mandatory in Travis County under section 15.014; and (2) venue was thereby proper in Travis County.[8] Having one cause of action subject to a mandatory venue provision of the civil practice and remedies code, the entire suit was to be brought in the county of mandatory venue. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 15.004 (Vernon Supp.2003). We hold it was error to transfer the suit to Dallas County. *See Wilson*, 886 S.W.2d at 261. We resolve the Jaskas' first issue in their favor.

Because we hold the Travis County court erred in transferring venue, the ac-

---

See TEX.R.APP. P. 38.1(h), 38.2(a)(1); *Hinkle v. Adams*, 74 S.W.3d 189, 195 (Tex.App.-Texarkana 2002, no pet.); *see also* TEX.R.APP. P. 39.2 (stating the purpose of oral argument is to "emphasize and clarify the written arguments in the briefs").

7. The appellees' plea to the jurisdiction, granted by the Dallas County court, addressed issues of governmental immunity.

8. Section 15.004 states:
   In a suit in which a plaintiff properly joins two or more claims or causes of action arising from the same transaction, occurrence, or series of transactions or occurrences, and one of the claims or causes of action is governed by the mandatory venue provisions of Subchapter B [Mandatory Venue], the suit shall be brought in the county required by the mandatory venue provision.
   TEX. CIV. PRAC. & REM.CODE ANN. § 15.004 (Vernon Supp.2003). Section 15.014 is a provision under subchapter B. *See id.* § 15.014.

tions taken by the transferee court cannot stand. Therefore, we need not address the Jaskas' second issue on appeal. We reverse the Dallas County court's judgment and remand with instructions to transfer the case to Travis County for further proceedings.