

**NUMBER 13-11-00260-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**IN RE FLUOR ENTERPRISES, INC. F/K/A FLUOR DANIEL, INC.**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Through this original proceeding, Fluor Enterprises, Inc. f/k/a Fluor Daniel, Inc. ("Fluor"), seeks to compel the trial court to transfer venue of this case from Hidalgo County, Texas, to Dallas County, Texas. We conditionally grant the petition for writ of mandamus.

**I. BACKGROUND**

Real party in interest, John Joseph Whelan, III, was injured on the job on February 11, 2009 while employed by Fluor as a "foreman turbine millwright" at Fluor's facility in Robertson County. After a dispute arose between Whelan and his supervisor,

Charles Smith, regarding Whelan's injuries and the completion of safety reports pertaining to those injuries, Whelan was terminated on February 28, 2009.

On February 26, 2010, Whelan filed suit against Fluor and Smith in Hidalgo County. His original petition alleged libel, slander, and defamation causes of action against Fluor and Smith and included a cause of action for retaliatory discharge against Fluor. According to the venue facts alleged in the petition, Whelan resided in the Rio Grande Valley, Fluor's principal place of business was in Irving, Texas, and Smith could be served in Irving, Texas. Whelan alleged that venue was proper in Hidalgo County because his "cause of action arose in whole or in substantial part in Hidalgo County, Texas."

On March 26, 2010, Fluor filed a motion to transfer venue to Dallas County based on the mandatory venue provision applicable to defamation claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.017 (West 2002). Fluor also contended that venue was proper in Dallas County under the general venue rule because that is where its principal place of business in Texas is located. *See id.* §15.002(a)(3) (West 2002). Fluor specifically denied that Hidalgo County was a proper venue and specifically denied that Whelan's cause of action arose in Hidalgo County. Instead, Fluor contended that all alleged acts and omissions occurred at Fluor's facility in Robertson County where Whelan was employed. Fluor also argued that Whelan failed to allege that he resided in Hidalgo County at the time of the events giving rise to his suit. *See id.* § 15.006 (West 2002) ("A court shall determine the venue of a suit based on the facts existing at the time the cause of action that is the basis of the suit accrued.").

2

On or about May 27, 2010, Whelan filed an "Opposition and Response" to the motion to transfer venue and also filed an amended petition. In both, Whelan contended that venue was proper in Hidalgo County because that is where he filed his workers' compensation claim. According to Whelan, the institution of a workers' compensation claim is a material element in proving his retaliatory discharge claim. *See* TEX. LAB. CODE ANN. § 451.001 (West 2006). Whelan did not specifically deny or otherwise address Fluor's contentions that mandatory venue for defamation claims placed venue in Dallas County and did not address Fluor's contentions regarding its principal place of business.

By order issued on or about April 1, 2010, the trial court set Fluor's motion to transfer venue to be heard on June 3, 2010. At the hearing, the parties notified the trial court that the hearing was set without forty–five day's notice. *See* TEX. R. CIV. P. 87(1) ("Except on leave of court each party is entitled to at least 45 days notice of a hearing on the motion to transfer."). After discussion, the trial court reset the hearing for June 15, 2010. Subsequently, on June 10, 2010, Fluor filed an amended motion to transfer venue reiterating and expanding on its venue allegations.

On the morning of June 15, 2010, Whelan filed a second amended petition omitting his cause of action for defamation. That same day, the trial court held the hearing on the motion to transfer venue. At the hearing, Whelan, in open court, averred that he was dropping all claims for defamation. At the close of the hearing, the trial court took the motion to transfer under consideration. Subsequently that same day, Whelan filed a third amended petition dropping all claims against Smith.

On August 30, 2010, by written order, the trial court denied the motion to transfer venue. This original proceeding ensued. Fluor asserts the issue in this case is as follows:

> Whether Whelan could thwart the application of a mandatory venue provision by withdrawing a claim to which the provision applied the morning of the venue hearing, or whether, under *GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541 (Tex. 1998), Whelan's withdrawal of the claim fixed venue in the county to which Fluor sought a transfer[?]

The Court requested and received a response to the petition for writ of mandamus from Whelan.[1]

## II. STANDARD OF REVIEW

Venue rulings are generally not subject to interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2002); TEX. R. CIV. P. 87(6); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259–60 (Tex. 2008) (orig. proceeding). However, mandatory venue provisions may be enforced by mandamus. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002). Ordinarily, mandamus relief lies when the trial court has abused its discretion and a party has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). However, where a party seeks to enforce a mandatory venue provision under chapter 15 of the Texas Civil Practices and Remedies Code, a party is required only to show that the trial court abused its discretion by failing to transfer the case and is not required to prove that it lacks an adequate appellate remedy. *In re Tex. Dept. of Transp.*, 218 S.W.3d 74, 76

---

[1] The Court herein GRANTS Whelan's "Motion for Leave to File Response to Petition for Writ of Mandamus."

4

(Tex. 2007) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *See In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). In mandatory venue mandamus actions, we look only to whether the trial court clearly abused its discretion in ruling upon the motion. *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 117 (Tex. 2006) (orig. proceeding).

### III. PROCEDURE AND BURDEN OF PROOF

Because venue may be proper in more than one county, the plaintiff is given the first choice to fix venue in a proper county by filing suit in that county. *See In re Team Rocket*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). If a defendant objects to the plaintiff's venue choice and properly challenges that choice through a motion to transfer venue, then the question of proper venue is raised. *Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996); *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994); *see* TEX. R. CIV. P. 86(3), 87(2)(b). In its motion to transfer venue, a defendant must specifically deny the venue facts in the plaintiff's petition; if not, they are taken as true. TEX. R. CIV. P. 87(3)(a).

Once the defendant has specifically denied the plaintiff's venue facts, then the plaintiff is required to make prima facie proof of its venue facts. *Id.*; *In re Masonite Corp.*, 997 S.W.2d at 197. "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are

5

filed fully and specifically setting forth the facts supporting such pleading." TEX. R. CIV. P. 87(3)(a); *see Rodriguez v. Printone Color Corp.*, 982 S.W.2d 69, 72 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("A prima facie case represents the minimum quantity of evidence necessary to support a rational inference that the allegation of fact is true."). Affidavits must be made on personal knowledge, set forth specific facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify. TEX. R. CIV. P. 87(3)(a). The plaintiff's prima facie proof is not subject to rebuttal, cross–examination, impeachment, or disproof. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993).

If a plaintiff has adequately pleaded and made prima facie proof that venue is proper in the county of suit, the trial court must maintain the lawsuit in the county where suit was filed unless the motion to transfer is based on the grounds that an impartial trial cannot be held in the county where the action is pending or on an established ground of mandatory venue. TEX. R. CIV. P. 87(3)(c); *see Wilson*, 886 S.W.2d at 261 ("Together, Rule 87(3)(c)) and section 15.063(1) require that a lawsuit pleaded and proved to be filed in a county of proper venue may not be transferred."). In such a situation, no other county can be a proper county of venue, even if the county of transfer also would have been proper had it been originally chosen by the plaintiff. *Wilson*, 886 S.W.2d at 261. This rule gives effect to the plaintiff's right to select a proper venue. *Id.* If the plaintiff fails in his burden, the defendant has the burden of showing that venue is maintainable in the county in which the transfer is sought under either a general, permissive, or

mandatory venue rule. Tᴇx. R. Cɪᴠ. P. 87(2)(a). If the defendant succeeds in that showing, the cause will be transferred to the appropriate county. *Id.*

When ruling on a motion to transfer venue, the trial court must assume the pleadings are true and determine venue based on the pleadings and affidavits submitted by the parties. *Id.* at R. 87(3)(c). Venue questions are to be decided based on the "facts existing at the time the cause of action that is the basis of the suit accrued." Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 15.006 (West 2002).

### IV. Pᴇʀᴍɪssɪᴠᴇ ᴀɴᴅ Mᴀɴᴅᴀᴛᴏʀʏ Vᴇɴᴜᴇ

Under the general venue rule, all lawsuits must be brought in either: (1) the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) the county of defendant's residence at the time the cause of action accrued if the defendant is a natural person; or (3) the county of the defendant's principal office in this state, if the defendant is not a natural person. *See id.* § 15.002(a). However, mandatory venue provisions control over general venue provisions. *See id.* § 15.004 (West 2002). At issue herein is section 15.017 of the Texas Civil Practice and Remedies Code, which provides:

> A suit for damages for libel, slander, or invasion of privacy shall be brought and can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county in which the defendant resided at the time of filing suit, or in the county of the residence of the defendants, or any of them, or in the domicile of any corporate defendant, at the election of the plaintiff.

*Id.* § 15.017. This section provides for mandatory venue. *In re Adan Volpe Props.*, 306 S.W.3d 369, 375 (Tex. App.—Corpus Christi 2010, orig. proceeding); *Marshall v. Mahaffey*, 974 S.W.2d 942, 947 (Tex. App.—Beaumont 1998, pet. denied).

**V. ANALYSIS**

In its motion to transfer venue, Fluor specifically denied Whalen's venue facts[2] and asserted in its pleadings that venue should be transferred to Dallas County as the county of mandatory venue for defamation claims, and alternatively, as the proper county of its principal office under the general venue rules.[3] Whalen did not specifically deny or even address these contentions in his "Opposition and Response." Rather, he contended at the hearing and now on this original proceeding that he has amended his pleadings to omit the cause of action calling for mandatory venue. However, the venue facts pleaded in a motion to transfer venue are taken as true unless the plaintiff specifically denies them. *See* TEX. R. CIV. P. 87(3)(a); *In re Pepsico, Inc.*, 87 S.W.3d 787, 792 (Tex. App.—Texarkana 2002, orig. proceeding). Thus, Fluor's venue facts are taken as true because Whelan did not specifically deny them.

Whalen argues that mandatory venue is inapplicable based on the amendments to his pleadings omitting his claims for defamation. Whalen was clearly entitled to amend his pleadings at least seven days before the hearing on the motion to transfer. TEX. R. CIV. P. 63; *Watson v. City of Odessa*, 893 S.W.2d 197, 199–200 (Tex. App.—El Paso 1995, writ denied); *see also Moriarty v. Williams*, 752 S.W.2d 610, 611 (Tex. App.—El Paso 1988, writ denied) (holding that the plaintiff was allowed to amend his petition to add claims not addressed by the motion to transfer venue). However,

---

[2] When a party is entitled to a transfer under a mandatory venue provision, it is not necessary for that party to challenge the venue facts pleaded by its adversary. *See In re Fort Bend County*, 278 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

[3] We do not review Fluor's allegations regarding general venue in this original proceeding and confine our review to the application of mandatory venue herein. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 15.064(a), 15.0642 (West 2002); TEX. R. CIV. P. 87(6) ("There shall be no interlocutory appeals from such determination."); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259–60 (Tex. 2008) (orig. proceeding).

Whalen did not file his amended petitions until the day of the hearing, and accordingly, such petitions were not before the trial court for its consideration. *See Watson*, 893 S.W.2d at 199–200.

Fluor contends that our analysis of this case is governed by *GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541 (Tex. 1998). In that case, the Texas Supreme Court was called on to decide whether the "plea of privilege" rule that venue was fixed in the county to which transfer was sought when the plaintiff took a nonsuit after the defendant filed a plea of privilege applied under current venue rules. *See id.* at 542. The supreme court held that whether a change of venue was warranted must be determined from the record filed at the time the nonsuit was taken because either or both of the parties may or may not have made prima facie proof at the time of the nonsuit. *Id.* at 543. Thus, depending on the state of the record at the time of the filing of a nonsuit, if an objection to venue has been filed and the plaintiff then takes a nonsuit and has not specifically denied the venue facts averred by the party seeking transfer, the venue facts alleged in the motion to transfer may be taken as true. *Id.* Given the applicable rules pertaining to the amendment of pleadings and their relationship to the motion to transfer venue as delineated in rule 87 of the rules of civil procedure, we are disinclined to apply *GeoChem* to the facts of this case. However, given our holding herein, we need not address this argument further. *See* Tex. R. App. P. 47.1, 47.4.

## VI. CONCLUSION

Based on the foregoing, we conclude that the trial court erred in refusing to apply the mandatory venue provision applicable to defamation claims to the instant case.

9

Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to transfer venue of this case to Dallas County. The writ will issue only if the trial court fails to comply with this directive.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
13th day of June, 2011.

10