

# NUMBER 13-12-00490-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LUIS MEDINA AND
STEPHANIE MEDINA,                                    **Appellants,**

**v.**

HATCH ASSOCIATES
CONSULTANTS, INC.,                                   **Appellee.**

## On appeal from the 267th District Court
## of Calhoun County, Texas.

## DISSENTING MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Dissenting Memorandum Opinion by Justice Perkes

The majority erroneously allows the Medinas to use Texas Rule of Civil Procedure 162 (regarding non-suit) "to prejudice the right of an adverse party," Hatch, "to be heard on a pending claim for affirmative relief." *See* TEX. R. CIV. P. 162. Specifically, the majority's holding allows the Medinas to use a non-suit to circumvent the plain language

of section 150.002(a) of the Texas Civil Practice and Remedies Code which required the Medinas to contemporaneously file a certificate of merit with their first petition against Hatch. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (West, Westlaw through 2013 3d C.S.).[1] As such, I dissent.

The Medinas initially brought suit against Hatch and CCC Group, Inc. Hatch is an engineering firm. After the Medinas sued Hatch alleging deficient pipe design, installation, and/or maintenance, Hatch moved to dismiss the Medinas' claims with prejudice for failure to file a certificate of merit under section 150.002(a). The Medinas did not file any response to Hatch's motion to dismiss. However, days before a scheduled hearing on Hatch's motion to dismiss, the Medinas moved to non-suit their claims against Hatch without prejudice, and the trial court entered an order of non-suit without prejudice. The record is wholly devoid of any discussion or consideration regarding Hatch's motion to dismiss prior to the Medinas' non-suit, and no express ruling was made thereon.

The Medinas, however, continued their lawsuit against CCC Group, Inc. Shortly thereafter, CCC Group, Inc. moved to designate Hatch as a responsible third party, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West 2008), and the trial court granted CCC Group, Inc.'s motion. Though the statute of limitations had expired, the Medinas sued Hatch again, re-alleging the same claims that they previously non-suited. To sue Hatch

---

[1] In their briefing, the parties correctly note that the outcome of this appeal is the same whether the version of section 150.002 enacted in 2005 or the version enacted in 2009 is applied. *See* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 2, 2005 Tex. Gen. Laws 348, 348; Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West, Westlaw through 2013 3d C.S.)).

again after limitations expired, the Medinas purported to use the savings-clause in the responsible-third party statute in existence at the time, *see id.* § 33.004(e).[2]  This time, the Medinas attached to their petition the affidavit of a licensed professional engineer in an attempt to comply with the certificate-of-merit statute.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a).[3]

After answering the Medinas' re-filed lawsuit, Hatch filed an amended motion to dismiss for lack of a certificate of merit.  In its amended motion, Hatch described the Medinas' non-suit as a "blatant attempt to evade" the certificate-of-merit statute.   Hatch moved the trial court to dismiss the Medinas' claims against it with prejudice for failure to file the certificate of merit contemporaneously with their initial lawsuit against Hatch.   At the conclusion of the hearing on Hatch's amended motion, the trial court granted Hatch's amended motion to dismiss.   This interlocutory appeal ensued.

The plain text of section 150.002 requires that, "in any action . . . for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a . . . third-party licensed professional engineer."   *See id.* §150.002(a).

> The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

---

[2]  *See also* Acts of May 30, 2011, 82nd Leg., R.S., ch. 203, §5.02, 2011 Tex. Sess. Law Serv. ch. 203 (repealing former TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(e), which allowed claimants to join responsible third parties within sixty days of designation, "even though such joinder would otherwise be barred by limitations").

[3]  Approximately two weeks after Hatch was designated as a responsible third party, the trial court signed an order dismissing the Medinas' claims against CCC Group, Inc. with prejudice.

*Id.* §150.002(b).   Subsection (c) calls the affidavit requirement a "contemporaneous filing requirement" and sets forth one exception to the contemporaneous filing requirement for cases in which "the period of limitation will expire within 10 days of the date of filing suit." *Id.* §150.002(c).   "The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant."   *Id.* §150.002(e).   "This dismissal may be with prejudice."   *Id.*

The majority incorrectly holds that "the trial court . . . *implicitly granted* [Hatch's motion to dismiss] without prejudice" when it granted the Medinas' non-suit without prejudice.   To reach its conclusion, the majority cites Texas Rule of Appellate Procedure 33.1 ("Preservation of Appellate Complaints") for the general proposition that a trial court may rule on a motion expressly or implicitly.   In this case, however, there is simply a complete absence of any discussion, consideration, and ruling of Hatch's pending motion in the trial court.   There is simply no support in the record for this forced overextension of Rule 33.1, and it runs afoul of allowing the trial court to actually exercise its discretion in determining whether to dismiss with or without prejudice under section 150.002(e). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e).

Texas Rule of Civil Procedure 162 provides that a plaintiff may non-suit a case before "the plaintiff has introduced all of his evidence . . . ."   TEX. R. CIV. P. 162. However, the dismissal under Rule 162 "shall not prejudice the right of an adverse party to be heard on a *pending claim* for affirmative relief."   *Id.*   For example, a defendant's motion to transfer venue filed before a plaintiff takes a non-suit has been considered as a claim for affirmative relief, and establishes venue in the county of the defendant's choice

4

if the uncontradicted venue facts compel venue in that county. *See GeoChem Tech Corp. v. Verseckes*, 962 S.W2d 541 543–44 (Tex. 1998).

While not all defensive claims are claims for affirmative relief, the Texas Supreme Court has held that a defendant's motion to dismiss for lack of a certificate of merit is a defensive claim for affirmative relief that survives a plaintiff's non-suit under Rule 162. *CTL/Thompson, LLC v. Starwood Homeowners Ass'n*, 390 S.W.3d 299, 300–01 (Tex. 2013) (per curiam). In *CTL/Thompson, LLC*, a plaintiff non-suited its claims against an engineering firm during the pendency of the firm's interlocutory appeal of the trial court's denial of its motion to dismiss with prejudice for lack of a sufficient affidavit under the certificate-of-merit statute.[4] *Id.* at 299. The Texas Supreme Court held that a trial court's decision to grant a dismissal under section 150.002(e) is "a sanction . . . to deter meritless claims and bring them quickly to an end." *Id.* at 301. In exercising its discretion to grant a dismissal with or without prejudice under section 150.002(e), a trial court must act reasonably and be guided by applicable rules and principles. *Id.* at 301. The Court explained that the availability of the sanction—dismissal with prejudice— cannot be mooted by a plaintiff's decision to seek a non-suit without prejudice. *Id.*

In summary, a non-suit cannot be used to frustrate section 150.002's requirement that a plaintiff file a certificate of merit contemporaneously with its petition against an engineer. *See CTL/Thompson, LLC*, 390 S.W.3d 299, 300–01.[5] Nor can a non-suit be

---

[4] Unlike *CTL Thompson, LLC v. Starwood Homeowner's Ass'n*, in this case, the trial court had not ruled on Hatch's motion to dismiss under the certificate-of-merit statute when it allowed the Medinas to non-suit their claims against Hatch. *See* 390 S.W.3d 299, 300 (Tex. 2013) (per curiam).

[5] Texas law disfavors "non-suits that are filed to circumvent unfavorable legal restrictions or rulings." *Epps v. Fowler*, 351 S.W.3d 862, 869–70 (Tex. 2011).

used to remove the trial court's discretion to dismiss a lawsuit with prejudice for failure to timely file a certificate of merit. *See id.*

In the case at bar, the majority allows the Medinas to evade the contemporaneous-filing requirement of section 150.002(a) and to moot the availability of dismissal with prejudice under section 150.002(e). The facts that form the basis of Hatch's amended motion to dismiss for lack of a timely certificate of merit are undisputed and entitle Hatch to the relief granted. The trial court's order should be affirmed.

Because the majority reverses the trial court's order, I respectfully dissent.

GREGORY T. PERKES
Justice

Delivered and filed the
20th day of March, 2014.