C. N. HARRISON et al., Appellants,

v.

Houston HUMPHRIES et ux., et al., Appellees.

No. 8881.

Court of Civil Appeals of Texas, Amarillo.

June 12, 1978.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, R. A. Wilson, Amarillo, for appellants.

V. G. Kolius, Amarillo, for Houston Humphries, et ux.

Stokes, Carnahan & Fields, Barry Peterson, Amarillo, for Multivest.

Timothy E. Kelley, Dallas, and Kolander & Hamilton, R. C. Hamilton, Amarillo, for American Home Assurance Co.

ROBINSON, Chief Justice.

This appeal is from an order of the trial court overruling the pleas of privilege of defendant Fireplace Place. Affirmed.

Houston and Dorothy Humphries were tenants in Tiffany Square, an apartment complex located in Potter County and owned by Multivest Real Estate Fund Ltd., Series VI d/b/a Tiffany Square. American Home Assurance Company insured the apartment building. Joe Hastey, C. N. Harrison and Larry Morris were a partnership doing business as Fireplace Place, the subcontractor which installed the fireplace in the Humphries' apartment.

On October 25, 1975, a fire occurred in the fireplace chimney chase damaging the apartment building and the Humphries' personal property. The Humphries and Multivest each sued Fireplace Place in Potter County alleging that negligent installation of the fireplace caused their respective damages.[1] Multivest also alleged that its insurer, American Home Assurance Company, had paid Multivest's claim for damages to the building and was subrogated to Multivest's claim for damages against Fireplace Place. American Home filed a plea in intervention asserting its subrogation right and asking to appear before the jury as Multivest.

Fireplace Place filed pleas of privilege to be sued in Lubbock County, the county of its residence, on all claims against it. The Humphries controverted the plea, alleging venue under subdivision 9a, Tex.Rev.Civ. Stat.Ann. art. 1995. Multivest also controverted, alleging venue under both subdivisions 9a and 14. Multivest's subrogee, American Home, did not file a controverting plea in its own name. The trial court overruled the pleas of privilege.

Fireplace Place appeals challenging the evidentiary support for the trial court's order and also contending that American Home Assurance Company may not rely on the controverting plea filed by Multivest.

■ We overrule the contention by Fireplace Place that the controverting plea filed by Multivest cannot inure to the benefit of Multivest's intervening subrogee. The claim of Multivest and the claim of American Home are one and the same. There is no dispute that any recovery on Multivest's claim against Fireplace Place is payable to American Home. Intervening American Home seeks no other relief. As subrogee it acquired all the rights of the original claimant. It was entitled under the doctrine of subrogation to assert those rights in a suit brought in the name of Multivest. *Ligon v. E. F. Hutton & Company,* 428 S.W.2d 434 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.). Further, venue between the intervenor and the defendant depends on the venue of the original cause of action. *May v. Little,* 473 S.W.2d 632 (Tex.Civ.App.—El Paso 1971, writ ref'd n. r. e.); McDonald's Texas Civil Practice § 3.49.

Both the Humphries and Multivest seek to maintain venue in Potter County under Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 9a. To establish venue under subdivision 9a, a plaintiff must prove three elements:

(1) that an act or omission of negligence occurred in the county where suit was filed;

(2) that such act was the act of defendant;

(3) that such negligence was a proximate cause of plaintiff's injuries.

■ The trial court did not file findings of fact and conclusions of law. In such circumstance it is presumed that the trial court found such facts as are necessary to

---

1. The Humphries' Original Petition named Multivest as the only defendant. Multivest alleged a cause of action for indemnity and contribution against third party defendants Robert Seaberry and Gaines Bonner d/b/a R & G Development Company, American Standard Company, and Fireplace Place. R & G Development built the apartment complex and American Standard manufactured the metal fireboxes and flues. Before the ruling on the pleas of privilege, the Humphries amended their pleadings and also asserted a cause of action against R & G Development, American Standard, and Fireplace Place.

After the ruling on the pleas of privilege, the Humphries took a non-suit against Multivest. Additionally, non-suits were taken on all of the causes of action against R & G Development and American Standard, but the Humphries' cause of action against Fireplace Place and Multivest's action against Fireplace Place for damages to the apartment building were expressly excepted from the motion and order of non-suit.

support its verdict. *Starr Gas Co. v. Employers Casualty Co.,* 436 S.W.2d 188 (Tex.Civ.App.—El Paso 1968, writ dism'd). Therefore, we have considered the evidence in the light most favorable to the presumed findings. We conclude that there is some evidence of each of the elements required to maintain venue in Potter County under subdivision 9a.

Larry Morris, one of the partners in Fireplace Place, testified that a flue installed without a two-inch clearance would be improperly installed according to the manufacturer's recommendations and that the purpose of the two-inch clearance was "so things won't catch on fire." Both Houston Humphries and John Johnson, the Chief Heating Inspector for the City of Amarillo, testified that there was no clearance between the pipes and the combustible wooden surface. Johnson also testified that the vent sections were not secured or latched and that supports for the vent pipes were not connected. He testified that there was a separation in the vent pipes from the time of installation and that in his opinion the fire was caused by direct heat exposure through the separation or a radiant heat transfer from the pipes leaning against the wooden frame.

■ We overrule appellant's contention that Johnson's testimony concerning the cause of the fire is incompetent and therefore no evidence of that fact. Johnson had several years of schooling in heating and air conditioning, had completed 160 hours of a building course approved and certified by the Municipal Building Inspection Association, and had contracted heating work for several years in Amarillo. As Chief Heating Inspector for the City of Amarillo, Johnson had experience inspecting prefabricated and manufactured fireplaces in residence buildings.

■ The testimony of an expert witness is received on the theory that he possesses a knowledge or skill not had by people generally. Whether the person offered as an expert possesses the required qualification is a preliminary question to be determined by the trial judge. The trial judge's determination will not be overturned in the absence of a clear showing of abuse of his discretion. *Wilson v. Scott,* 412 S.W.2d 299 (Tex.1967); McCormick & Ray, Texas Law of Evidence §§ 1400–01 (2d ed. 1956). We do not find that the trial judge abused his discretion in admitting and considering the testimony of Johnson.

Fireplace Place also contends that it cannot be liable for any negligence of the installers because the installers were independent contractors.

■ The test for determining whether a worker is an employee or an independent contractor is whether or not there is a right to control the details of performance of work. *Newspapers, Inc. v. Love,* 380 S.W.2d 582 (Tex.1964). This test was discussed by the court in *Keith v. Blanscett,* 450 S.W.2d 124, 127 (Tex.Civ.App.—El Paso 1969, no writ):

[T]he independent contractor, as distinguished from an employee, performs work according to his own methods and without being subject to the control of his employer, except as to the result of the work. As to the element of control, the right of control, rather than the exercise of the right, is decisive.

■ In his deposition, Larry Morris, a partner of Fireplace Place, testified that he was in charge of the actual installation of fireplaces at Tiffany Square. Morris testified that he made weekly inspections of the installation work. He said that he would "line out a week's worth of work" to be done, and that he told the installers "which unit to be worked in, and the number of pieces of pipe to be used that we figured on the job." In addition to supervising and inspecting the installation work, Morris personally worked on the installation of the chimney flue in the apartment that caught fire. Morris' testimony is evidence that Fireplace Place had the right to exercise control and actually exercised the right of control over the details of installation of the fireplaces and chimneys at Tiffany Square. Thus, there is evidence from which the trial judge could conclude that the acts of the installers were the acts of Fireplace Place.

We have considered all of the evidence, both favorable and unfavorable to the deemed findings that venue in Potter County was proper under subdivision 9a, and conclude that the findings are not against the great weight of the evidence so as to be manifestly unjust.

The foregoing holdings are dispositive of this appeal. Therefore, we do not reach appellants' remaining points of error. The order of the trial court overruling the pleas of privilege is sustained. Affirmed.