**IN RE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, Great American Insurance Company, and Mica Corporation, Relators**

No. 05–15–01114–CV

Court of Appeals of Texas, Dallas.

Opinion Filed March 15, 2016.

Jeffrey J. Wolf, John Deifell Ormond, Southlake, TX, Ryan Logan Valdez, J. Frank Kinsel, Jr., Brian Brisco, Fort Worth, TX, Kevin Lamar Sewell, Michael James Watson, Dallas, TX, for relator.

Linda Marie Dedman, Scott G. Ball, Dallas, TX, for real party in interest.

Before Justices Lang–Miers, Evans, and Whitehill

## OPINION

Opinion by Justice Lang–Miers

This petition for writ of mandamus involves a motion to transfer venue pursuant to the inmate litigation mandatory venue statute. Real party in interest, John Goin, sued relators in Dallas County. Relators contend that Goin was incarcerated in Fannin County, Texas, when at least one of his causes of action accrued and that venue is mandatory there. They contend that the trial court abused its discretion by denying their joint motion to transfer venue. We agree and conditionally grant the writ.

### Background

Goin was driving a truck owned by his employer, MICA Corporation, when he was involved in a single-vehicle accident that seriously and permanently injured his passenger, Hope Crump. Goin was convicted of intoxication assault and is currently serving a twelve-year sentence. After the criminal trial, Crump sued Goin and MICA in Dallas County for her injuries.[1] MICA settled with Crump before trial. The claims against Goin went to trial, and Crump won a judgment against

---

1. Crump initially sued Goin and MICA in Anderson County, where the accident occurred. She nonsuited that case and later refiled in Dallas County.

him of over $10 million. Goin then filed this lawsuit in Dallas County against MICA and its insurance carriers, Travelers Property Casualty Company of America and Great American Insurance Company (collectively Relators). Goin alleged that venue was proper in Dallas County pursuant to a permissive venue statute.

In his petition, Goin alleged several causes of action, among them breach of the duties to defend and indemnify, civil conspiracy, and fraudulent inducement. Goin alleged that Relators failed to defend him during the first eighteen months of the Crump lawsuit, including at his own deposition; they failed to indemnify him; and they engaged in a civil conspiracy and committed fraud in furtherance of the conspiracy "by enticing and encouraging [him] to testify . . . that he did not have MICA's permission to operate the [t]ruck at the time of the [a]ccident." He alleged that this testimony was obtained "by deception and fraud and in furtherance of [their] conspiracy."

Relators moved to transfer venue of Goin's lawsuit to Fannin County pursuant to the inmate litigation mandatory venue statute. Relators contended that venue was proper in Tarrant County or, alternatively, Fannin County. They have since dropped their contention that venue was proper in Tarrant County and assert that the record evidence shows venue is mandatory in Fannin County. They contended that Goin was an inmate in the Buster Cole State Jail in Fannin County, Texas, when at least two of his causes of action accrued and, as a result, venue was mandatory in Fannin County. The trial court denied the motion to transfer venue, and this original proceeding followed.

## Standard of Review and Applicable Law

■ To obtain mandamus relief, the relator ordinarily must show that the trial court clearly abused its discretion and there is no adequate remedy by appeal. *In re Lopez*, 372 S.W.3d 174, 176–77 (Tex. 2012) (per curiam) (orig.proceeding). However, when a party seeks a writ of mandamus to enforce a mandatory venue provision, the relator is not required to prove it lacks an adequate remedy by appeal and must show only that the trial court clearly abused its discretion by failing to transfer the case. *Id.*

■ "All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party." TEX. R. CIV. P. 87(3)(a); *GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 543 (Tex.1998). "When a venue fact is specifically denied, the party pleading the fact must submit supporting affidavits or otherwise provide prima facie proof" of the fact. *Verseckes*, 962 S.W.2d at 543. The party seeking to maintain venue in the county of suit has the burden to make prima facie proof that venue is maintainable in that county. *Id.* And the party seeking transfer of venue has the burden to make prima facie proof that venue is maintainable in the county to which transfer is sought. *Id.* If the party seeking to transfer venue carries its burden, then the trial court must sustain the motion to transfer venue and transfer the case to the proper court. TEX. R. CIV. P. 89; *see WTFO, Inc. v. Braithwaite*, 899 S.W.2d 709, 714 (Tex. App.–Dallas 1995, no writ).

■ In determining whether a trial court has abused its discretion by refusing to transfer venue to a county of mandatory venue, the scope of our review on mandamus extends only to the ruling challenged in the original proceeding. *In re Hardwick*, 426 S.W.3d 151, 157 (Tex.App.–Houston [1st Dist.] 2012, orig. proceeding). "[W]e must focus on the record that was

before the trial court," and we will not consider items that were not part of the trial court record at the time of the hearing. *Id.* (quoting *In re Taylor*, 113 S.W.3d 385, 392 (Tex.App.–Houston [1st Dist.] 2003, orig. proceeding)). But because a trial court cannot abuse its discretion if it reaches the right result for the wrong reason, we must uphold the order on any grounds supported by the record before the trial court. *Luxenberg v. Marshall*, 835 S.W.2d 136, 142 (Tex.App.–Dallas 1992, orig. proceeding); *see also In re Vogel*, 261 S.W.3d 917, 920 (Tex.App.– Houston [14th Dist.] 2008, orig. proceeding); *In re ExxonMobil Corp.*, 97 S.W.3d 353, 358 n. 5 (Tex.App.–Houston [14th Dist.] 2003, orig. proceeding).

## Discussion

■ We first address Goin's argument that the inmate litigation venue statute does not apply to claims such as those he has asserted in this case. The inmate litigation venue statute states:

(a) Except as provided by Section 15.014, an action that accrued while the plaintiff was housed in a facility operated by or under contract with the Texas Department of Criminal Justice shall be brought in the county in which the facility is located.

TEX. CIV. PRAC. & REM.CODE ANN. § 15.019(a) (West 2002).[2] Goin contends the legislative intent of section 15.019 was to curb frivolous jailhouse lawsuits, not to impair claims arising outside of a penitentiary. We disagree with Goin's interpretation of the legislative intent of the statute.

In construing statutes, the Court's primary objective is to give effect to the legislature's intent. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex.2010); *Galbraith*

*Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex.2009). We derive that intent from the plain meaning of the text unless a different meaning is supplied by legislative definition, or is apparent from the context, or the plain meaning leads to absurd results. *See First State Bank of DeQueen*, 325 S.W.3d at 635 (citing *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex.2008)). We find nothing that would lead us to depart from the unequivocal plain text of the statute in this case, which requires inmates to bring *any* actions that accrue while they are housed in a facility operated by or under contract with the Texas Department of Criminal Justice in the county in which the facility is located.

■ Goin further argues that even if the inmate litigation venue statute applies, Dallas County is a county of proper venue because his cause of action for breach of the duty to indemnify accrued while he was incarcerated in Dallas County in the Lew Sterrett Justice Center, and Relators did not prove that Lew Sterrett is not a facility operated by the Department of Criminal Justice. But Goin confuses the burden of proof. It was Goin's burden to show that his suit was maintainable in Dallas County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.019; *Verseckes*, 962 S.W.2d at 543. Although Goin sought leave to provide additional evidence to support his selection of Dallas County as a county of proper venue, he did not provide prima facie proof that Lew Sterrett is a facility operated by or under contract with the Department of Criminal Justice. *See* TEX.R. CIV. P. 87(2)(a); *WTFO*, 899 S.W.2d at 714.

■ Because Goin failed to demonstrate venue is proper in Dallas County, the burden shifted to Relators to demon-

---

**2.** No party contends that any of the exceptions in section 15.014 applies.

strate that venue is proper in their chosen county. *In re Mo. Pac. Ry. Co.*, 998 S.W.2d 212, 221 (Tex.1999) (orig.proceeding). Relators established that the alleged fraudulent inducement claim, at a minimum, accrued while Goin was housed at the Buster Cole State Jail, a facility operated by the Texas Department of Criminal Justice in Fannin County. As a result, section 15.019 mandates venue in Fannin County.

■ "As a general rule, a cause of action accrues ... when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex.2003). In most cases, this is "when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Id.* A claim for fraudulent inducement accrues on the date the allegedly false representations were made. *See Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 227 (Tex.App.–Houston [14th Dist.] 2008, no pet.). As part of his claim for civil conspiracy and fraudulent inducement, Goin alleged that Relators represented they would provide him an appellate lawyer for his criminal case in exchange for giving false testimony in his deposition that he did not have MICA's permission to drive the truck at the time of the accident. Although Goin did not allege any specific dates when these allegedly false representations were made, the evidence is undisputed that Goin was housed at the Buster Cole State Jail when he was visited by a criminal appellate lawyer and when he gave his deposition. Goin alleged that after his deposition, Relators had no further contact with him. This evidence showed that the alleged false representations were made around the time of Goin's deposition when he was housed in the Buster Cole State Jail. And Relators presented evidence that the Buster Cole State Jail is a facility operated by the Texas Department of Criminal Justice. Accordingly, Relators satisfied their burden to show that venue in Fannin County was mandatory for at least one of Goin's claims.

When a mandatory venue statute applies to one claim, all claims must be brought in the county of mandatory venue. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.004 (West 2002). Thus, it is irrelevant whether other claims accrued prior to Goin's state incarceration that would have provided a basis for permissive venue in Dallas County. Because Relators established that venue is mandatory in Fannin County for at least one of Goin's claims, and Goin did not establish that Dallas County is a county of mandatory venue for any of his claims, we conclude that the trial court abused its discretion when it denied Relators' motion to transfer venue to Fannin County.

■ In reaching this conclusion, we necessarily reject Goin's argument that the trial court was precluded from granting the motion to transfer venue because Relators improperly sought transfer to more than one county. Goins cites *Tenneco, Inc. v. Salyer* in support of his argument, but *Salyer* stands only for the proposition that a plaintiff may not correct an improper choice of venue by filing its own motion to transfer. *Tenneco, Inc. v. Salyer*, 739 S.W.2d 448, 449 (Tex.App.–Corpus Christi 1987, orig. proceeding). As the supreme court has explained, "plaintiffs [have] the first choice, but not the second, of a proper venue." *In re Masonite Corp.*, 997 S.W.2d 194, 198 (Tex.1999) (orig.proceeding).

■ Finally, we also reject the suggestion that the assignment of Goin's claims to a turnover receiver appointed to collect assets to satisfy Crump's judgment has any impact on the proper venue of the claims Goin asserts in this case. Goin raised this argument for the first time in his response to the petition for writ of

mandamus despite the fact that the receiver had intervened in the trial court prior to the hearing on the motion to transfer. When a claim is assigned, the assignee "steps into the shoes of the assignor and is considered under the law to have suffered the same injury as the assignor[ ] and have the same ability to pursue the claims." *Sw. Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909, 916 (Tex.2010). For that reason, when a receiver sues on an entity's claims, the receiver generally stands in the shoes of that entity, possessing no greater rights than the entity had. *Forex Capital Mkts., LLC v. Crawford*, No. 05–14–00341–CV, 2014 WL 7498051, at *2–3 (Tex.App.–Dallas Dec. 31, 2014, pet. denied) (mem. op.). And venue in a suit in which a party acquires the rights of the original claimant in a suit depends on the venue of the original cause of action. *Harrison v. Humphries*, 567 S.W.2d 884, 886 (Tex.Civ. App.–Amarillo 1978, no writ). Any other rule would allow a party to obtain a more favorable venue by the simple expedient of arranging a straw transfer of his claim to an assignee who could maintain venue in the desired county, an outcome we cannot countenance.

We conditionally grant the petition for writ of mandamus and order the trial court to vacate its August 16, 2015 order denying Relators' May 18, 2015 joint motion to transfer venue and to grant Relators' May 18, 2015 joint motion to transfer venue to Fannin County. Mandamus will issue only if the trial court fails to comply with this opinion and order of this date. Except to the extent necessary to comply with this opinion and order, the Court's October 27, 2015 order staying the proceedings in the trial court will remain in effect pending notification to the Court that the case has been transferred.