

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00002-CV
_____

IN RE DESIREE LEE TIREY, RELATOR

ORIGINAL PROCEEDING

March 16, 2022

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

In this original proceeding, Relator Desiree Lee Tirey (Mother) seeks a writ of mandamus ordering Respondent, the Honorable John A. Didway, Judge of the 121st District Court of Yoakum County, Texas, to vacate a December 16, 2021, letter ruling denying Mother's plea that the district court lacked subject matter jurisdiction to make an initial child custody determination in a suit affecting parent child relationship (SAPCR)[1]

---

[1] "'Suit affecting the parent-child relationship' means a suit filed as provided by [Title 5 of the Family Code] in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested." TEX. FAM. CODE ANN. § 101.032(a).

filed by Real Party in Interest Cayden Kory Saxton (Father). We deny Mother's petition and vacate our temporary stay of the underlying proceedings.

## Background

On October 27, 2021, Father filed a SAPCR in the 121st District Court raising conservatorship and support issues concerning L.S., the five-year-old daughter of his relationship with Mother. Mother responded with a plea to the jurisdiction of the district court. The jurisdictional issue was heard via Zoom on December 8, 2021. At the conclusion of the proceeding, the district court orally rendered an order sustaining Mother's jurisdictional challenge. But in a December 16 letter ruling, the court vacated its prior oral rendition, concluded it possessed subject matter jurisdiction to make an initial child custody determination, and set a hearing regarding temporary orders for January 5, 2022. The day before the hearing was scheduled to take place, Mother filed an original proceeding in this Court, challenging the 121st District Court's jurisdictional ruling and seeking a stay of the underlying proceedings pending our review of her petition. By order of that date we stayed the underlying proceedings.

## Analysis

Relief by mandamus may be granted to correct a clear abuse of discretion if there is no adequate remedy by appeal. *In re Odyssey Healthcare, Inc.,* 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when its action is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex. 2005) (orig.

2

proceeding) (per curiam). "[I]n jurisdictional disputes arising from child custody proceedings, the relator need not demonstrate the inadequacy of an appellate remedy." *In re Burk,* 252 S.W.3d 736, 739 n.1 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding [mand. denied]). We therefore concern ourselves with whether the trial court committed a clear abuse of discretion.

Whether a trial court possesses subject matter jurisdiction is a question of law we review de novo. *Powell v. Stover,* 165 S.W.3d 322, 324 (Tex. 2005) (orig. proceeding). The party bringing suit bears the burden of alleging facts sufficient to establish subject matter jurisdiction. *In re Forlenza,* 140 S.W.3d 373, 376 (Tex. 2004) (orig. proceeding). The pleadings are liberally construed in favor of the party invoking jurisdiction. *In re S.J.A.,* 272 S.W.3d 678, 681-82 (Tex. App.—Dallas 2008, no pet.). If the defendant challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties to resolve the jurisdictional issue. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex. 2004).

The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) governs jurisdiction over child custody issues between Texas and other states. *See* TEX. FAM. CODE. ANN. Chapter 152;[2] *In re C.H.,* 595 S.W.3d 272, 275 (Tex. App.—Amarillo 2019, no pet.). Section 152.201(a) is the "exclusive jurisdictional basis for making a child custody determination by a court of this state"; it provides that jurisdiction to make an initial child custody determination is proper in a Texas court if one of four criteria are met. *In re C.H.,* 595 S.W.3d at 275 (citing *Waltenburg v. Waltenburg,* 270 S.W.3d 308, 313

---

[2] Subsequent citation to the Texas Family Code shall be "*Id.* at § ___."

3

(Tex. App.—Dallas 2008, no pet.)).  We examine each circumstance in the order identified in section 152.201(a) to determine if:

> (1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
>
> (2) a court of another state does not have jurisdiction under Subdivision (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under Section 152.207 or 152.208, and:
>
>> (A) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
>>
>> (B) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;
>
> (3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208; or
>
> (4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

*Id.* at § 152.201(a).  When making this determination, we examine the circumstances existing at the time the lawsuit is commenced (i.e., when the first pleading is filed).  *In re Marriage of Marsalis,* 338 S.W.3d 131, 135 (Tex. App.—Texarkana 2011, no pet.); *id.* at § 152.102(5).  Accordingly, we examine the circumstances present on October 27, 2021, when Father filed his SAPCR in the 121st District Court.

4

## A. Does the child have a home state?

We begin by determining whether Texas, or another state, was the home state of the child, per section 152.201(a)(1),(2). The Family Code defines "home state" as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding." *Id.* at § 152.102(7). Relevant is the timeframe of April 27 through October 27, 2021. The record reflects that during this period L.S. had lived in Kentucky for roughly three and a half months before moving to Texas in August 2021, where she lived for some two and a half months. We therefore conclude that at the time Father's suit commenced L.S. did not have a home state.

## B. Do the child and parent each have a significant connection with Texas (other than mere physical presence)?

Because we find no state that is capable of asserting home-state jurisdiction, we look next to relevant portions of section 152.201(a)(2) to determine whether the child and at least one parent "have a significant connection with this state other than mere physical presence," and whether "substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships." *Id.* at § 152.201(a)(2); *see In re Shurtz,* No. 03-11-00547-CV, 2011 Tex. App. LEXIS 10245, at *11-13 (Tex. App.—Austin Dec. 30, 2011, orig. proceeding) (mem. op.). Notably, the statute requires evidence that the parent *and the child* each have a significant connection with this state, not counting mere physical presence, as well as substantial evidence in this state concerning the child's care, protection, training, and personal relationships. *Id.* at § 152.201(a)(2). A high level of physical presence in Texas is not required, however.

*See In re Forlenza,* 140 S.W.3d 373, 378 (Tex. 2004) (orig. proceeding). Under section 152.201(a)(2), we do not test which single state has the most significant connection with the child. *Id.*; *see In re Brown,* 203 S.W.3d 888, 894 (Tex. App.—Fort Worth 2006, orig. proceeding) (noting that both Missouri and Texas could have significant connection jurisdiction if statutory requirements met). Instead, we examine the nature and quality of the child's contacts with Texas. *Forlenza,* 140 S.W.3d at 377-78.

The evidence shows Father has lived and worked in Yoakum County since 2017; he states he has "significant connection to Texas." Evidence also reveals that L.S. has resided with Father in Texas from early August 2021 through the filing of the SAPCR in October 2017; she was enrolled in public elementary school there. We disagree with the district court's finding that such evidence over this three-month period establishes the child's quality of contacts with Texas to support significant connection jurisdiction. Beyond what essentially amounted to a discussion of L.S.'s physical presence in Texas and enrollment in school, scant evidence was presented regarding the child's connection, or the nature and quality of the child's care, protection, training, or personal relationships established in Texas since moving here. *See In re Marriage of Marsalis*, 338 S.W.3d at 137 (finding no evidence of the children's significant connections to Texas or their care, protection, training, or personal relationships where the record showed the children lived in Texas for about four months). We hold that the 121st District Court does not possess original jurisdiction under the significant connection provision.

C. Have other states declined to exercise jurisdiction because Texas is the more appropriate forum?

Just as the statute's cascading list of jurisdictional circumstances does not end after the second criterion, our inquiry does not end with our disagreement with the district court's basis for exercising jurisdiction. *See In re Travelers Prop. Cas. Co. of Am.,* 485 S.W.3d 921, 925 (Tex. App.—Dallas 2016, orig. proceeding) (holding a trial court does not abuse its discretion if it reaches the right result for the wrong reason provided the ruling may be upheld on any grounds supported by the record before the trial court). We therefore next consider whether, per section 152.201(a)(3), any court with proper jurisdiction in another state has declined to exercise jurisdiction because it finds a Texas court is the more appropriate forum to determine the custody of L.S. The record contains no evidence of a court of any state declining its jurisdiction for any reason. We conclude section 152.201(a)(3) has no applicability to the present case.

D. Would no court of any other state possess jurisdiction under the aforementioned criteria?

The fourth jurisdictional basis under section 152.201(a) vests jurisdiction to make an initial child custody determination in a Texas court when no court of any other state would have jurisdiction under the three previously noted bases. *See id.* at § 152.201(a)(4). Here, based on the evidence before us, we hold that no court of any other state would have jurisdiction over Father's child custody proceeding. As a result, we hold that the 121st District Court possesses subject matter jurisdiction, per section 152.201(a)(4).

Conclusion

The jurisdictional question raised in this original proceeding is whether the district court possessed subject matter jurisdiction to make an initial child custody determination under section 152.201. We resolve that issue in favor of the district court's jurisdiction. We therefore conclude the district court did not clearly abuse its discretion by determining it possessed subject matter jurisdiction to make an initial child custody determination. We deny Relator's petition for mandamus and lift our stay of the proceedings in the 121st District Court.

Lawrence M. Doss
Justice