

# NUMBER 13-24-00139-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE CALLAN MARINE, LTD.

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

By petition for writ of mandamus, relator Callan Marine, Ltd. contends that the trial court abused its discretion by denying a motion for leave to designate the trial attorneys representing the real party in interest Lequille Tyner[2] as responsible third parties. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] The real party in interest's name appears in the record as Laquille, Lequille, LeQuille, LaQuille and La'Quille.

Mandamus is an extraordinary and discretionary remedy. *See In re Walker*, 683 S.W.3d 400, 402 (Tex. 2024) (orig. proceeding) (per curiam); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"[T]here is ordinarily no adequate remedy by appeal from the erroneous denial of a timely filed motion to designate a responsible third party." *In re YRC Inc.*, 646 S.W.3d 805, 810 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017) (orig. proceeding) (per curiam). An erroneous denial of a motion to designate a responsible third party skews the proceedings, potentially affects the outcome of the litigation, and compromises the presentation of the relator's defense in ways that are not likely to be apparent in the record. *See In re Coppola*, 535 S.W.3d at 509. Further, "[a]llowing a case to proceed to trial without the third party would defeat the defendant's right to have the jury determine the proportionate responsibility of all potential responsible parties, requiring a second trial." *In re YRC, Inc.*, 646 S.W.3d at 810.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Tyner, relator's reply, and the applicable law, is of the opinion that relator has not met its burden to obtain relief. When considering a writ of mandamus, "we focus on the result reached by the trial court rather than its reasons." *In re Stevens*, 971 S.W.2d 757, 760 (Tex. App.—Beaumont 1998, orig. proceeding). If the trial court

2

expresses an incorrect legal reason for its ruling, we will nevertheless uphold the order on any other grounds supported by the record. *In re Travelers Prop. Cas. Co. of Am.*, 485 S.W.3d 921, 925 (Tex. App.—Dallas 2016, orig. proceeding); *In re Vogel*, 261 S.W.3d 917, 920 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). Here, Tyner pleaded that the applicable limitations period had expired and relator had not complied with its obligation for timely disclosure under the Texas Rules of Civil Procedure, and the record supports this contention. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.04(d). Accordingly, we deny the petition for writ of mandamus.

JAIME TIJERINA
Justice

Delivered and filed on the
5th day of June, 2024.