Richard REYNA, Appellant,

v.

The ATTORNEY GENERAL
OF TEXAS, Appellee.

No. 2-93-100-CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 20, 1993.

James B. Ammons, Wichita Falls, for appellant.

Dan Morales, Atty. Gen., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Deputy Atty. Gen., Samuel T. Jackson, Chief Child Support Litigation Div., Rhonda Amkraut Pressley, Asst. Atty. Gen., Child Support Litigation, for appellee.

Before HILL, C.J., and FARRIS and LATTIMORE, JJ.

OPINION

FARRIS, Justice.

The Attorney General of Texas sued Richard Reyna to establish the paternity of R.L.W. and to obtain orders for child support and reimbursement for public assistance payments, and it received all the relief it requested. Reyna appeals, claiming the paternity suit was barred by laches and the judgment is improper because it is based on conflicting findings of fact. Because this suit was filed within the statutory limitations period and the defense of laches is not available in a suit to enforce a statutory right and may not be asserted against a governmental entity performing a governmental function, and because the alleged conflicting findings pertain to the issue of laches, Reyna's points of error are overruled. The trial court's judgment is affirmed.

Pamela G. Orozco gave birth to R.L.W. on June 12, 1975. Shortly thereafter, she ap-

plied for welfare payments and she listed Reyna as the probable father of R.L.W. On September 4, 1975, the State notified Reyna he was the alleged father of R.L.W. and he could either admit paternity or submit to blood tests. No further action was taken by either party until the Attorney General filed this suit on May 7, 1992.

 In his first point of error, Reyna claims this action is barred by laches. Generally, laches is not a defense against a claim to enforce a statutory right. *See Riggs v. Riggs,* 322 S.W.2d 571, 574 (Tex.Civ.App.—Dallas 1959, no writ). In actions brought under the Family Code, the doctrine of laches does not apply, unless some extraordinary circumstances exist that would render inequitable the enforcement of petitioner's right after a lengthy delay. *See Texas Attorney General v. Daurbigny,* 702 S.W.2d 298, 300 (Tex.App.—Houston [1st Dist.] 1985, no writ).

 Because the Attorney General sued to enforce statutory rights,[1] Reyna contends extraordinary circumstances, sufficient to invoke estoppel, exist and he cites *LaRue v. LaRue,* 832 S.W.2d 387 (Tex.App.—Tyler 1992, no writ), to support his contention. After reviewing *LaRue,* we hold it is not on all fours with this case. In particular, it did not involve a state agency or the issue of paternity.

The significance of a state agency being a party to this action is that laches is not imputable to the agency if it is performing a governmental function. *See Waller v. Sanchez,* 618 S.W.2d 407, 409 (Tex.Civ.App.—Corpus Christi 1981, no writ). Because the Attorney General was exercising governmental functions when it sued to determine the paternity of R.L.W., to collect child support, and to recoup public funds, and because the Attorney General sued within the limitations period,[2] Reyna cannot assert the defense of laches. Point of error one is overruled.

In his last point of error, Reyna complains the judgment is supported by conflicting findings that cannot be reconciled. Specifically, Reyna complains finding "m" conflicts with findings "o" and "p." [3]

Because we hold Reyna may not raise the defense of laches, any conflict in the complained-of findings does not affect the judgment. Point of error two is overruled.

Judgment affirmed.

1. The Attorney General sued under chapters 11 and 13 of the Texas Family Code, chapter 76 of the Texas Human Resources Code, and Title IV, Part D of the Social Security Act, 42 U.S.C.S. §§ 651 *et seq.* (Law.Co-op.1985 & Supp.1993).

2. Under TEX.FAM.CODE ANN. § 13.01(a) (Vernon Supp.1993):
(a) ... A suit to establish paternity may be brought before the birth of the child, but must be brought on or before the second anniversary of the day the child becomes an adult, or the suit is barred.

3. (m) The Court does not find that Respondent could have easily been found;

. . . .

(o) The Court does find that for at least the last ten years Respondent has been an employee of the State of Texas, working in Vernon, Texas;
(p) The Court does find that the Respondent was steadily employed at the time of birth of the child and steadily employed thereafter[.]