ACCEPTED
15-25-00088-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/31/2025 5:27 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00088-CV**

In the Fifteenth Court of Appeals
Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/31/2025 5:27:48 PM
CHRISTOPHER A. PRINE
Clerk

## In re ASTRAZENECA PHARMACEUTICALS LP, Relator.

---

Original Proceeding from the 71st District Court
Harrison County, Texas, Trial Court Cause No. 22-0426,
Honorable Brad Morin, Presiding

---

## RELATOR'S REPLY BRIEF IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

---

SCOTT DOUGLASS & MCCONNICO LLP
   Stephen E. McConnico
   State Bar No. 13450300
   smcconico@scottdoug.com
   Kennon L. Wooten
   State Bar No. 24046624
   kwooten@scottdoug.com
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
(512) 495-6399 (Fax)

GILLAM & SMITH LLP
   Melissa R. Smith
   State Bar No. 24001351
   melissa@gillamsmithlaw.com
303 S. Washington Ave.
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 (Fax)

MORGAN, LEWIS & BOCKIUS LLP
   Heidi Rasmussen
   State Bar No. 24090345
   heidi.rasmussen@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000
(713) 890-5001 (Fax)

LEHOTSKY KELLER COHN LLP
   Scott A. Keller
   State Bar No. 24062822
   scott@lkcfirm.com
   Andrew B. Davis
   State Bar No. 24082898
   Joshua P. Morrow
   State Bar No. 24106345
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
(512) 727-4755 (Fax)

*Counsel for AstraZeneca Pharmaceuticals LP*

## TABLE OF CONTENTS

Table of Contents ............................................................................................. ii

Index of Authorities .........................................................................................iv

Introduction .......................................................................................................1

Argument...........................................................................................................3

I.     *In re Sanofi-Aventis* Controls and Requires Mandamus. ..............................3

      A.     *In re Sanofi-Aventis* forecloses venue based on SCEF's allegation that "sales and marketing reps targeted providers" in Harrison County. ...................................................................3

      B.     *In re Sanofi-Aventis* forecloses SCEF's website theory of venue..................................................................................................4

      C.     *In re Sanofi-Aventis* forecloses SCEF's brochure theory of venue..................................................................................................5

II.    The Second Amended Petition Is Not Properly Before the Court, And Fails to Allege Venue in Harrison County In Any Event.........................7

      A.     The Second Amended Petition was filed *after* the trial court's venue determination, so it is not part of the record this Court must review. ...................................................................7

      B.     Even if considered, the Second Amended Petition still would not properly allege venue in Harrison County. ....................................9

III.   SCEF's Procedural Arguments to Avoid Mandamus are Baseless...............12

      A.     Laches does not bar this Court from granting mandamus on AstraZeneca's petition that was filed within weeks of this Court's decision in *In re Sanofi-Aventis*. ............................................12

          1.     Laches does not apply to this mandamus proceeding involving a *statutory right* to mandatory venue, which includes a *statutory deadline* to file mandamus challenges to venue rulings...............................................................12

2. SCEF has established neither inexcusable delay nor prejudice. ...................................................................14

B. This mandamus proceeding continues to present a live controversy over whether venue should be in Travis or Harrison County. ........................................................18

IV. This Court Need Not Remand for Venue Discovery. ...................................20

Conclusion & Prayer for Relief ............................................................21

Certificate of Compliance ...................................................................23

Certificate of Service ...........................................................................24

**Page(s)**

**CASES**

*Ex parte Abell*,
  613 S.W.2d 255 (Tex. 1981) ....................................................................13

*Anderson Energy Corp. v. Dominion Oklahoma Tex. Expl. & Prod., Inc.*,
  469 S.W.3d 280 (Tex. App.—San Antonio 2015, no pet.) ................................13

*Balawajder v. Belanger*,
  2005 WL 487655 (Tex. App.—Eastland Mar. 3, 2005, orig. proceeding)
  (mem. op.)..................................................................................................20

*Interest of C.H.*,
  2019 WL 5251145 (Tex. App.—Corpus Christi–Edinburg Oct. 17, 2019,
  no pet.) (mem. op.)......................................................................................12

*City of Austin v. L.S. Ranch, Ltd.*,
  970 S.W.2d 750 (Tex. App.—Austin 1998, no pet.)........................................19

*In re Contract Freighters, Inc.*,
  646 S.W.3d 810 (Tex. 2022) (orig. proceeding) ................................................18

*Furr's Supermarkets, Inc. v. Mulanax*,
  897 S.W.2d 442 (Tex. App.—El Paso 1995, orig. proceeding)........................17

*Gen. Land Off. of State of Tex. v. OXY U.S.A., Inc.*,
  789 S.W.2d 569 (Tex. 1990) ....................................................................19

*In re Hardwick*,
  426 S.W.3d 151 (Tex. App.—Houston [1st Dist.] 2012, orig.
  proceeding) ..........................................................................................8, 19

*Harris Cnty. Appraisal Dist. v. O'Connor & Assocs.*,
  2006 WL 3072079 (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, no
  pet.) (mem. op.)..........................................................................................19

*Heckman v. Williamson Cnty.*,
  369 S.W.3d 137 (Tex. 2012) ....................................................................18

*Houston Lighting & Power Co. v. City of Wharton*,
   101 S.W.3d 633 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) ..............13

*J.M. Huber Corp. v. Santa Fe Energy Res., Inc.*,
   871 S.W.2d 842 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ............20

*In re Kellogg Brown & Root, Inc.*,
   166 S.W.3d 732 (Tex. 2005) (orig. proceeding) .................................................18

*In re Key Equip. Fin. Inc.*,
   371 S.W.3d 296 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) ......16

*In re Laibe Corp.*,
   307 S.W.3d 314 (Tex. 2010) (orig. proceeding) ...........................................14, 15

*In re Liberty Cnty. Mut. Ins. Co.*,
   606 S.W.3d 866 (Tex. App.—Houston [14th Dist.] 2020, orig.
   proceeding) ...........................................................................................................7

*In re Mabray*,
   355 S.W.3d 16 (Tex. App.—Houston [1st Dist.] 2010. orig. proceeding) ........14

*Mellinger v. City of Houston*,
   68 Tex. 37, 3 S.W. 249 (1887) ...........................................................................13

*Melton v. CU Member's Mortg. a Div. of Colonial Sav. F.A.*,
   2023 WL 2505304 (Tex. App.—Austin Mar. 15, 2023, no pet.) (mem.
   op.) ......................................................................................................................18

*In re Mire*,
   2013 WL 541957 (Tex. App.—El Paso Feb. 13, 2013, orig. proceeding)
   (mem. op.)............................................................................................................17

*Montelongo v. Abrea*,
   622 S.W.3d 290 (Tex. 2021) .................................................................................5

*In re Mountain Valley Indem. Co.*,
   2020 WL 5551707 (Tex. App.—Beaumont Sept. 17, 2020, orig.
   proceeding) (mem. op.).......................................................................................13

*O'Hern v. Mughrabi*,
   579 S.W.3d 594 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ...................20

*In re Pendragon Transp., LLC,*
     423 S.W.3d 537 (Tex. App.—Dallas 2014, orig. proceeding)...........................17

*Reyna v. Attorney Gen. of Tex.,*
     863 S.W.2d 558 (Tex. App.—Fort Worth 1993, no writ) ................................12

*Rivercenter Assocs. v. Rivera,*
     858 S.W.2d 366 (Tex. 1993) ........................................................................17

*In re Sanofi-Aventis U.S. LLC,*
     711 S.W.3d 732 (Tex. App.—15th Dist. 2025, orig. proceeding) .............*passim*

*In re Shire PLC,*
     633 S.W.3d 1 (Tex. App.—Texarkana 2021, orig. proceeding) ........................16

*State Off. of Risk Mgmt. v. Martinez,*
     539 S.W.3d 266 (Tex. 2017) .........................................................................5

*In re Taylor,*
     113 S.W.3d 385 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) ........8

*In re Travelers Prop. Cas. Co. of Am.,*
     485 S.W.3d 921 (Tex. App.—Dallas 2016, orig. proceeding)...........................7

*Wayne v. A.V.A. Vending, Inc.,*
     52 S.W.3d 412 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied) .......12

*In re Webber, LLC,*
     2020 WL 3496279 (Tex. App.—Dallas June 29, 2020, orig. proceeding)
     (mem. op.)..................................................................................................17

**STATUTES AND RULES**

Tex. Civ. Prac. & Rem. Code § 15.0642 ....................................................13, 14, 15

Tex. Hum. Res. Code § 36.052(d) ..................................................................13, 20

Tex. R. Civ. P. 87.............................................................................................4, 5, 9

**OTHER AUTHORITIES**

Right, Black's Law Dictionary (12th ed. 2024).....................................................13

## INTRODUCTION

Nothing in Real Parties SCEF and Levin-Guzman's (together, "SCEF") response to AstraZeneca's mandamus petition allows them to escape this Court's controlling decision, *In re Sanofi-Aventis U.S. LLC*, 711 S.W.3d 732 (Tex. App.—15th Dist. 2025, orig. proceeding), which is on all fours with this case and requires a writ of mandamus transferring this case to Travis County.

Not until the end of its brief does SCEF even attempt to distinguish the First Amended Petition from the petition in *In re Sanofi-Aventis*, and that attempt fails. Just like the real parties in *In re Sanofi-Aventis*, SCEF failed to allege and support with prima facie evidence the critical "details of what allegedly occurred at . . . meetings" between drug representatives and providers in Harrison County. *Id.* at 739. Just like the real parties in *In re Sanofi-Aventis*, SCEF cannot rely on "a general invitation to apply for some . . . services" in Harrison County. *Id.* at 740-41. And just like the real parties in *In re Sanofi-Aventis*, alleging the existence of a website accessible in Harrison County does not support venue. *Id.*

Apparently recognizing that its First Amended Petition does not survive *In re Sanofi-Aventis*, SCEF argues that its recently filed *Second* Amended Petition establishes venue. But the Second Amended Petition was not part of the record on which the trial court denied transfer and cannot be considered here; it was filed

1

earlier this month, after AstraZeneca filed its mandamus petition. Even if the Second Amended Petition could be considered, it fails to establish venue in Harrison County.

SCEF's procedural arguments fare no better. Laches is inapplicable because AstraZeneca seeks enforcement of a *statutory* right to mandatory venue with a clear deadline. In any event, Plaintiffs have not shown the inexcusable delay or prejudice necessary to invoke the doctrine. AstraZeneca filed this mandamus proceeding promptly in response to this Court's decision in *In re Sanofi-Aventis*, which clarified both substantive law and this Court's jurisdiction. Separately, SCEF could not and did not moot this dispute or deprive this Court of jurisdiction to decide it by filing the Second Amended Petition.

Finally, a remand to conduct additional venue discovery is not warranted. Remand is appropriate only "'when there is no probative evidence that venue was proper in either [the] county of suit or in the county to which transfer was sought.'" *In re Sanofi-Aventis*, 711 S.W.3d at 741 (citations omitted). Because the Texas Medicaid Fraud Prevention Act ("TMFPA")[1] specifically provides that venue is proper in Travis County, remand is unnecessary.

---

[1] The TMFPA is now known as the Texas Health Care Program Fraud Prevention Act. AstraZeneca cites and refers to the TMFPA, which governs Real Parties' claims.

## I.    *In re Sanofi-Aventis* Controls and Requires Mandamus.

This proceeding is controlled by this Court's recent decision, *In re Sanofi-Aventis*, which granted mandamus on nearly identical venue allegations. 711 S.W.3d at 739. SCEF's attempts to distinguish this case are meritless, and mandamus is appropriate because SCEF has failed "to produce prima facie proof of venue in admissible form, demonstrating that at least a part of the unlawful acts it alleges [AstraZeneca] committed occurred in Harrison County." *Id.*

### A.    *In re Sanofi-Aventis* forecloses venue based on SCEF's allegation that "sales and marketing reps targeted providers" in Harrison County.

SCEF argues that *In re Sanofi-Aventis* does not require mandamus because SCEF has connected AstraZeneca drug representatives' alleged visits with providers "to the challenged conduct (the offer of free services by those reps)." Resp. 24. The conclusory allegation that AstraZeneca targeted providers in Harrison County "'using the unlawful marketing schemes detailed herein,'" *id.* 10 (quoting SMR035-38), fails to provide the necessary "details of what allegedly occurred at those meetings [between drug representatives and providers] or how those meetings relate to the allegations in [Real Parties'] pleadings." *In re Sanofi-Aventis*, 711 S.W.3d at 739. SCEF does not identify which AstraZeneca representatives "targeted" these

3

providers, which providers were "targeted," when these meetings occurred, what the representatives said, or whether these providers saw patients on Medicaid.

Perhaps that is why SCEF now states that it "expressly asserted that the free services Plaintiffs contend are unlawful under the [TMFPA] were offered by drug reps." Resp. 24 (no citation provided). But that allegation is nowhere in the record, and a general allegation that sales representatives offered services does not provide prima facie proof that any representative actually did so in Harrison County. SCEF has provided no affidavit or other proof; instead, SCEF merely alleges that representatives met with providers at two clinics, and it asks the Court to simply assume that the representatives committed an unlawful act.[2] MR084. That was not enough under *In re Sanofi-Aventis* and it is not enough here. 711 S.W.3d at 739; *see also* Tex. R. Civ. P. 87(3)(a) (party must make prima facie proof of venue through an affidavit).

**B.** ***In re Sanofi-Aventis* forecloses SCEF's website theory of venue.**

SCEF cannot and does not dispute that its website theory of venue is foreclosed by *In re Sanofi-Aventis* (*see* Resp. 24-25), which clearly held that the mere ability to access a website cannot establish venue. 711 S.W.3d at 740-41.

---

[2] One of these clinics is a "concierge clinic" that does not see patients enrolled in Medicaid, and SCEF does not allege, let alone provide prima facie proof, that the other clinic saw Medicaid patients. *See* MR223; MR084.

4

SCEF's sole contention is instead that AstraZeneca waived this argument. That misunderstands waiver. Under Texas law, "parties may waive *issues*, not *arguments*." *Montelongo v. Abrea*, 622 S.W.3d 290, 298 n.10 (Tex. 2021). "A party may waive an issue by failing to present it in the courts below. By contrast, however, parties are free to construct new *arguments* in support of unwaived issues properly before the court." *State Off. of Risk Mgmt. v. Martinez*, 539 S.W.3d 266, 273 (Tex. 2017) (internal quotation marks and citations omitted). The issue in this proceeding—as SCEF concedes, Resp. vii (listing questions presented)—is whether venue is proper in Harrison County. It is undisputed that AstraZeneca did not waive that issue, either generally or with respect to SCEF's website allegations. *See, e.g.*, MR223-24, MR227 (challenging the sufficiency and timeliness of SCEF's evidence supporting its website theory of venue). This Court should accordingly follow its holding in *In re Sanofi-Aventis*.

## C. *In re Sanofi-Aventis* forecloses SCEF's brochure theory of venue.

SCEF relies on the Burgess Declaration to support its brochure theory of venue. Resp. 25-26 (citing MR198). But the Burgess Declaration was untimely. Under Rule 87, a party must submit an affidavit at least 30 days before a hearing on a motion to transfer, unless it receives leave of court. *See* Tex. R. Civ. P. 87(1).

SCEF submitted the Burgess Declaration only six days before the hearing on AstraZeneca's motion to transfer venue.[3]

Regardless, SCEF's brochure theory of venue fails on the merits. SCEF claims the brochure supports venue in Harrison County because the brochure "advertised the Free Nurse and Support Services programs and invited applications for these services." Resp. 25-26. This is precisely why the brochure does *not* support venue in Harrison County. As this Court has already explained, "a general invitation to apply for some of the challenged nurse services, which [AstraZeneca] may then either accept or deny based on certain eligibility criteria," is not an "offer" under the TMFPA. *In re Sanofi-Aventis*, 711 S.W.3d at 740-41.

Also, it appears that the brochure was obtained from a "concierge clinic" that does not accept Medicaid. MR223. At oral argument, SCEF responded by claiming, without support, "the same literature [is] all over the place." Resp. 7 n.5 (quoting MR 225-26). This bald assertion does not provide prima facie proof of venue.

Nor does the brochure support SCEF's claim that venue is appropriate in Harrison County on a theory that advertising is "part" of the challenged conduct. Resp. 26. *In re Sanofi-Aventis* recognized that a defendant's "representatives visiting providers" was indisputably "part" of the challenged conduct in that case. 711

---

[3] For the same reason, the Burgess Declaration does not support SCEF's website theory.

6

S.W.3d at 739. Yet those visits were insufficient to support venue because the real parties did not link those visits to the allegations in the pleadings. *Id.* The same logic applies here. The mere fact that a brochure may have advertised the services in the county does not provide the necessary link between SCEF's allegations and the brochure—particularly where the brochure was obtained from a clinic that did not even accept Medicaid. *Id.*

## II. The Second Amended Petition Is Not Properly Before the Court, And Fails to Allege Venue in Harrison County In Any Event.

The Second Amended Petition was filed *after* the trial court's order denying transfer to Travis County, and thus is not part of the record before this Court. Regardless, the Second Amended Petition fails to allege venue in Harrison County.

### A. The Second Amended Petition was filed *after* the trial court's venue determination, so it is not part of the record this Court must review.

SCEF's primary merits argument opposing mandamus centers on its Second Amended Petition, which was filed just this month on July 3, 2025. Resp. 13. But it is well-established that "[i]n a mandamus proceeding, the appellate court must focus on the record that was before the trial court." *In re Liberty Cnty. Mut. Ins. Co.*, 606 S.W.3d 866, 874 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). This principle applies to mandamus proceedings challenging a trial court's "refus[al] to transfer venue to a county of mandatory venue." *In re Travelers Prop. Cas. Co. of Am.*, 485 S.W.3d 921, 924 (Tex. App.—Dallas 2016, orig. proceeding); *see, e.g., In*

7

*re Hardwick*, 426 S.W.3d 151, 157 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (refusing to consider "amended petitions [that] were filed after the trial court ruled on the motion to transfer venue").

This Court accordingly must decide AstraZeneca's mandamus petition based solely on the allegations in the First Amended Petition and the record at the time of the trial court's venue determination.

The Fourteenth Court's decision, *In re Hardwick*, is directly on-point. 426 S.W.3d at 157-58. *Hardwick* refused to consider "venue allegations made in [plaintiff's] second and third amended petitions" since those petitions "were filed *after* the trial court" denied the defendant's motion to transfer out of Harris County. *Id.* (emphasis added). The court of appeals analyzed the trial court's decision based only on the then-operative pleading and "'the record that was before the trial court'" at the time "when it made its venue determination." *Id.* (quoting *In re Taylor,* 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding)). The court of appeals found error based on that record, so it vacated the trial court's order denying the defendant's motion to transfer and directed the trial court to transfer the case to another district. *Id.* at 158. It also declined to "order the trial court to reconsider its determination on the basis of the second and third amended petitions or any further amended petitions." *Id.* This Court should do the same here.

**B.  Even if considered, the Second Amended Petition still would not properly allege venue in Harrison County.**

Even if it were part of the record, the Second Amended Petition would not defeat mandamus. Not a single one of the Second Amended Petition's venue allegations is supported by an affidavit. *See* Resp. 21-22; *see also* SMR035-38. That is reason enough to grant mandamus. Tex. R. Civ. P. 87(3)(a). Even setting that defect aside, each of SCEF's bases for venue fails.

*First*, SCEF alleges AstraZeneca "targeted" three prescribers in Harrison County. Resp. 21 (citing SMR036). It provides no details regarding this activity, including who "targeted" the prescribers, which prescribers were "targeted," when the "targeting" occurred, or what the "targeting" involved. SCEF also does not provide any support for its conclusory claim that "the purpose" of this "targeting" was to "induc[e] [doctors] to write prescriptions for Brilinta." *Id.* (citing SMR038).

*Second*, SCEF claims that unspecified providers in the county "repeatedly availed themselves" of AstraZeneca's services between 2018 and 2021. Resp. 21 (citing SMR036-37). SCEF provides no details to support this allegation, including who these providers were or whether they issued prescriptions for the drugs at issue in this case. And although SCEF alleges that these providers treated Medicaid patients, SCEF does not allege that any of the instances when providers "availed themselves" of the services involved those patients. *Id.*

9

*Third*, SCEF alleges that a single "Marshall-based patient" received support in connection with a prescription for Bydureon. Resp. 21-22 (citing SMR037). SCEF does not allege, let alone provide prima facie proof, that this patient was a Medicaid beneficiary. SCEF similarly does not allege that any unlawful act occurred in Harrison County—just that this patient is "based" in Marshall. *Id.*

*Fourth*, SCEF alleges that two AstraZeneca drug representatives "live in a town that is partially located in Harrison County" and visit prescribers in the county. Resp. 22 (citing SMR037). While alleging that the challenged services are an "integral part of the sales pitch," *id.*, SCEF presents no facts showing that these representatives committed any unlawful acts, in Harrison County or elsewhere. Rather, SCEF simply assumes that information regarding the challenged services *must* have been conveyed to prescribers, in connection with Medicaid patients, by these particular representatives. *Id.*[4] As in *In re Sanofi-Aventis*, this allegation fails to provide the necessary details regarding "what allegedly occurred at those meetings." 711 S.W.3d at 739.

*Fifth*, SCEF claims that the services are "available to every Texas Prescriber." Resp. 22 (citing SMR037-38). This argument is no different from its website or brochure theories, which fail under *In re Sanofi-Aventis*. Simply because the services

---

[4] The Second Amended Petition quotes a product brochure to misleadingly suggest that SCEF knows what these representatives said during these meetings. *See* SMR037.

are available or accessible to prescribers does not suffice to confer venue in Harrison County. *See In re Sanofi-Aventis*, 711 S.W.3d at 740 ("[A] person must not only be able to access Sanofi's website in a given county but must also expect to receive something from Sanofi as a result.").

*Sixth*, SCEF alleges that AstraZeneca "targeted Texas providers broadly," including those in Harrison County. Resp. 22 (citing SMR038). It then makes the unsupported claim that at least one nurse educator employed by an AstraZeneca vendor visited prescribers in the county "to persuade them to switch patients to Brilinta." *Id.* Critically, however, SCEF does not allege that the prescribers this nurse educator visited saw patients who were on Medicaid or any other details regarding which prescribers she visited, when she visited them, or what she said during her visits.

*Seventh*, SCEF claims that from 2016 to 2025, pharmacies in Harrison County submitted claims to Texas Medicaid for AstraZeneca products, which each allegedly falsely certified compliance with the TMFPA. Resp. 22 (citing SMR038). This unremarkable fact, even if true, does nothing to establish a violation of the TMFPA, because it simply assumes without evidence that an unlawful act caused the submission of those Medicaid claims.

Accordingly, even if the Second Amended Petition were properly before the Court, mandamus would still be warranted.

11

**III.    SCEF's Procedural Arguments to Avoid Mandamus are Baseless.**

SCEF's procedural arguments against the controlling effect of *In re Sanofi-Aventis* fail.

**A.    Laches does not bar this Court from granting mandamus on AstraZeneca's petition that was filed within weeks of this Court's decision in *In re Sanofi-Aventis*.**

SCEF's laches argument fails because laches does not apply to a mandamus proceeding enforcing a *statutory* mandatory venue provision. Even if that were not so, SCEF has failed to establish laches because AstraZeneca filed its mandamus petition within weeks of this Court's controlling decision in *In re Sanofi-Aventis*, and because SCEF has not shown an inexcusable delay that causes it prejudice.

**1.    Laches does not apply to this mandamus proceeding involving a *statutory right* to mandatory venue, which includes a *statutory deadline* to file mandamus challenges to venue rulings.**

"Generally, laches is not a defense against a claim to enforce a statutory right." *Reyna v. Attorney Gen. of Tex.*, 863 S.W.2d 558, 559 (Tex. App.—Fort Worth 1993, no writ); *see, e.g.*, *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 415 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied) (holding that "laches is peculiarly available against the assertion of equitable rights, and may not be invoked to resist the enforcement of a purely legal right." (cleaned up)).

AstraZeneca's mandamus petition enforces its statutory "right to . . . mandatory venue" in Travis County. *Interest of C.H.*, 2019 WL 5251145, at *3 (Tex.

App.—Corpus Christi–Edinburg Oct. 17, 2019, no pet.) (mem. op.). A party has a statutory right when it "'is entitled to enforce [on a claim] against another'" person pursuant to a statute. *Ex parte Abell*, 613 S.W.2d 255, 261 (Tex. 1981) (quoting *Mellinger v. City of Houston*, 68 Tex. 37, 45, 3 S.W. 249, 253 (1887)); *see also* Right, Black's Law Dictionary (12th ed. 2024) ("Something that is due to a person by just claim."). Texas law both provides that lawsuits under the TMFPA "*shall* be brought in Travis County or in a county in which any part of the unlawful act occurred," Tex. Hum. Res. Code § 36.052(d) (emphasis added), and empowers defendants to enforce this mandatory venue provision in court, Tex. Civ. Prac. & Rem. Code § 15.0642. Indeed, the availability of mandamus review here is itself a right given to defendants, by statute, to enforce mandatory venue provisions. *See In re Mountain Valley Indem. Co.*, 2020 WL 5551707, at *3 (Tex. App.—Beaumont Sept. 17, 2020, orig. proceeding) (mem. op.) ("The Legislature has given parties the right to petition for mandamus should trial courts refuse to enforce a mandatory venue provision.").

Laches does not apply to claims enforcing statutory rights in part because "in such a case, the statute of limitations is the appropriate defense." *Houston Lighting & Power Co. v. City of Wharton*, 101 S.W.3d 633, 638 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *see Anderson Energy Corp. v. Dominion Oklahoma Tex. Expl. & Prod., Inc.*, 469 S.W.3d 280, 300 (Tex. App.—San Antonio 2015, no pet.)

("As a general rule, laches is inappropriate when a statute of limitations applies to the cause of action."). The Texas Civil Practice and Remedies Code establishes the relevant deadline in this case, providing that "[a] party may apply for a writ of mandamus" "before the later of" either "(1) the 90th day before the date the trial starts; or (2) the 10th day after the date the party receives notice of the trial setting." Tex. Civ. Prac. & Rem. Code § 15.0642. Just as with a statute of limitations, *this statutory deadline*—not the doctrine of laches—governs whether a mandamus petition to enforce mandatory venue is timely. Through this statutory provision, the Legislature contemplated—and approved—that defendants could petition for mandamus at any time before this statutory deadline. There is no dispute that AstraZeneca's petition was timely under this statutory provision, so laches does not apply.

### 2. SCEF has established neither inexcusable delay nor prejudice.

Even if laches could apply, SCEF has not and cannot establish the elements of laches. "To invoke the equitable doctrine of laches, the moving party ordinarily must show an unreasonable delay by the opposing party in asserting it[s] rights, and also the moving party's good faith and detrimental change in position because of the delay." *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010) (orig. proceeding); *see In re Mabray*, 355 S.W.3d 16, 22-23 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) (explaining that delay alone is insufficient to invoke laches; injury or

14

prejudice must also be established). SCEF has shown neither, especially when AstraZeneca satisfied the statutory deadline of filing this mandamus proceeding more than 90 days before the start of trial. *See* Tex. Civ. Prac. & Rem. Code § 15.0642.

SCEF has not shown that it has "suffered prejudice" caused by the purported delay between the trial court's venue ruling and the filing of this mandamus proceeding. SCEF complains that its costs will increase because "two members of [SCEF's] trial team reside in Harrison County" and that travel to Travis County could disrupt four of its expert witnesses' medical practices. Resp. 18. But these inconveniences—to the extent they exist at all—flow from the *outcome* sought in this mandamus proceeding (litigating in Travis County rather than Harrison County), not from the *timing* of the mandamus petition. SCEF would face these same travel costs and scheduling challenges whether this case was transferred months ago or today. Because laches requires prejudice "because of the delay," *In re Laibe Corp.*, 307 S.W.3d at 318, not merely from the requested relief itself, SCEF has failed to meet its burden.

SCEF separately argues that transfer will delay the trial date by six months. Resp. 18. This assertion is speculative—based entirely on counsel's "examination of the Travis County court's docket." *Id*. And even if this assertion is correct, SCEF fails to explain how an additional six months would cause prejudice in a case Real

15

Parties brought years ago and that is not on the eve of trial (as demonstrated by the fact that SCEF just filed an amended petition). To establish laches, SCEF must "show[] prejudice," not merely speculate about potential scheduling impacts without demonstrating any concrete harm to its case. *See In re Key Equip. Fin. Inc.*, 371 S.W.3d 296, 301 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (denying mandamus because, among other things, party failed to show prejudice).[5]

In all events, laches is still not appropriate because the timing of AstraZeneca's mandamus petition was reasonable. When the trial court denied AstraZeneca's motion to transfer on September 1, 2023, the Fifteenth Court of Appeals did not exist. Mandamus would have required filing in the Sixth Court, which had recently issued *In re Shire PLC*, 633 S.W.3d 1 (Tex. App.—Texarkana 2021, orig. proceeding), suggesting mandamus review in TMFPA cases would be an inefficient use of both party and judicial resources. The Fifteenth Court's creation in September 2024 did not immediately change this situation, because there remained significant uncertainty as to which court would have jurisdiction over a mandamus petition. On March 27, 2025, this Court not only resolved that jurisdictional uncertainty (in a case involving the same plaintiffs' counsel as here), but it also made

---

[5] SCEF contends that the purported delay wasted judicial resources. Resp. 18. The trial court here has not expended significant resources on this case. Moreover, discovery has continued and the parties have worked without pause to prepare the case for trial.

clear that transfer is available under the precise circumstances at issue in this case. *In re Sanofi-Aventis*, 711 S.W.3d at 735. AstraZeneca then promptly filed this petition. This was a reasonable response to clarified law, not dilatory conduct warranting laches.

For this reason, the cases SCEF cites for the proposition that "unexplained delays of mere months may trigger laches" (Resp. 16-17) are inapposite here. *E.g.*, *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). In fact, these cases demonstrate that courts invoke laches only in extreme circumstances—none of them support the application of laches under the circumstances of this case. *See In re Pendragon Transp., LLC*, 423 S.W.3d 537, 541 (Tex. App.—Dallas 2014, orig. proceeding) (denying mandamus in part where parties had conducted months of depositions under challenged special master arrangement); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, orig. proceeding) (denying motion for leave to file a mandamus petition on day document productions were due, forcing immediate compliance after months of preparation); *In re Mire*, 2013 WL 541957, at *1 (Tex. App.—El Paso Feb. 13, 2013, orig. proceeding) (mem. op.) (denying mandamus petition filed one week before trial); *In re Webber, LLC*, 2020 WL 3496279, at *1 (Tex. App.—Dallas June 29, 2020, orig. proceeding) (mem. op.) (similar) (collecting cases).

17

**B.** **This mandamus proceeding continues to present a live controversy over whether venue should be in Travis or Harrison County.**

SCEF argues that this mandamus action is moot. Resp. 14-15. An original proceeding becomes moot only when "'a controversy ceases to exist between the parties.'" *In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (citation omitted). Put differently, mootness occurs when it is impossible for the court to grant the relief requested or otherwise affect the parties' rights or interests. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *e.g.*, *Melton v. CU Member's Mortg. a Div. of Colonial Sav. F.A.*, 2023 WL 2505304, at *3 (Tex. App.—Austin Mar. 15, 2023, no pet.) (mem. op.) (appeal from severance order was moot because it was "no longer possible for this Court to remedy any error in [that] order").

Proper venue remains a live controversy between the parties. Because nothing in the Second Amended Petition prevents this Court from granting the relief requested (transfer to Travis County) or affecting the parties' rights and interests (in the proper venue), this action is not moot.

SCEF does not claim otherwise—or even address the mootness standard. Rather, SCEF attempts a sleight-of-hand by conflating supersession of a pleading with mootness. Resp. 15. But a dispute about the trial court's decision on a motion to transfer venue remains justiciable even when the pleading at the time of the trial

18

court's venue ruling has been superseded. *See Hardwick*, 426 S.W.3d at 163 (conditionally granting mandamus petition). That is because a subsequently amended petition cannot change the record that was before the trial court when it made its venue ruling, and an appellate court on mandamus reviews only that record. *See id.* Any other holding would nullify the rule that mandamus is decided on the record presented to the trial court and would encourage plaintiffs to evade mandamus relief by strategically filing amended petitions.

SCEF does not and cannot cite a single case supporting its argument that a subsequently amended petition moots a challenge to a trial court's prior venue ruling. The cases SCEF cites are all readily distinguishable. *E.g.*, *Gen. Land Off. of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990) (cited at Resp. 16) (appeal was moot because, while appeal was pending, the plaintiff non-suited all claims); *Harris Cnty. Appraisal Dist. v. O'Connor & Assocs.*, 2006 WL 3072079, at *3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, no pet.) (mem. op.) (cited at Resp. 16) (appeal was moot because the trial court's order was based on a petition that had been superseded *before the trial court's decision*); *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 755 (Tex. App.—Austin 1998, no pet.) (cited at Resp.

16) (appeal was moot because the relief the appellate court could have issued—allowing the plaintiff to replead—"ha[d] already been accomplished").[6]

## IV. This Court Need Not Remand for Venue Discovery.

A "'remand for further proceedings on venue should be quite rare'" and "'is proper only when there is no probative evidence that venue was proper in either county of suit or in the county to which transfer was sought.'" *In re Sanofi-Aventis*, 711 S.W.3d at 741 (citation omitted). This is not one of those "rare" cases. Venue is indisputably proper in the "county to which transfer was sought," *id.*, as the TMFPA provides that venue is proper in Travis County, Tex. Hum. Res. Code § 36.052(d).

SCEF complains that AstraZeneca did not produce documents from two sales representatives who reside in a town that is located partially in Harrison County. Resp. 9. The parties engaged in extensive negotiations over discovery parameters, including custodians and search terms. SCEF did not request these individuals as custodians and it cannot now complain that it does not have their documents.[7]

---

[6] The other cases SCEF cites are not in the mandamus context, say nothing about mootness due to the supersession of a pleading, and, in any event, involve amended pleadings that were filed *before* the judgment challenged on appeal. *See Balawajder v. Belanger*, 2005 WL 487655, at *3 (Tex. App.—Eastland Mar. 3, 2005, orig. proceeding); *J.M. Huber Corp. v. Santa Fe Energy Res.*, Inc., 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994), writ denied); *O'Hern v. Mughrabi*, 579 S.W.3d 594, 601 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

[7] SCEF seeks to distract the Court by complaining of alleged delays in the underlying case. SCEF points its finger at AstraZeneca by claiming it is singlehandedly responsible for all amendments to the district court's Docket Control Orders

20

Further, as in *In re Sanofi-Aventis*, SCEF did not "obtain[] a ruling from the trial court" on its discovery requests. *In re Sanofi-Aventis*, 711 S.W.3d at 741. Accordingly, it has "no right to a remand for the trial court to consider these issues." *Id.*

## CONCLUSION & PRAYER FOR RELIEF

For these reasons and those in its petition, Relator respectfully requests that this Court grant a writ of mandamus directing the trial court to vacate its September 1, 2023 order denying AstraZeneca's Motion to Transfer Venue and directing the trial court to transfer the case to Travis County. Relator requests all other relief, in law or in equity, to which it may show itself to be justly entitled.

---

("DCOs"). *See* Resp. 8. In truth, SCEF's discovery failures were a major contributor to the need to revise the DCOs, and each request to amend the DCO has been jointly made. SCEF initially failed to issue a request to AstraZeneca to produce any emails during discovery, as required by the court's e-Discovery Order. It took SCEF nearly two months to respond to AstraZeneca's proposal regarding email production and schedule a meet and confer. During the pendency of the underlying litigation, AstraZeneca has produced nearly 225,000 pages of documents and prepared 9 fact witnesses and a corporate designee for depositions. Meanwhile, Real Parties have dragged their feet, failed to produce or even search for large swaths of documents, asserted meritless claims of privilege and work product protection over discovery materials, provided incomplete productions, and served deficient responses to interrogatories and requests for admission, requiring AstraZeneca to file a motion to compel on July 25, 2025.

Dated:  July 31, 2025

Respectfully submitted,

SCOTT DOUGLASS & McCONNICO LLP
   Stephen E. McConnico
   State Bar No. 13450300
   smcconico@scottdoug.com
   Kennon L. Wooten
   State Bar No. 24046624
   kwooten@scottdoug.com
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300
(512) 495-6399 (Fax)

GILLAM & SMITH LLP
   Melissa R. Smith
   State Bar No. 24001351
   melissa@gillamsmithlaw.com
303 S. Washington Ave.
Marshall, Texas 75670
(903) 934-8450
(903) 934-9257 (Fax)

MORGAN, LEWIS & BOCKIUS LLP
   Heidi Rasmussen
   State Bar No. 24090345
   heidi.rasmussen@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 890-5000
(713) 890-5001 (Fax)

LEHOTSKY KELLER COHN LLP

*/s/ Scott A. Keller*
   Scott A. Keller
   State Bar No. 24062822
   scott@lkcfirm.com
   Andrew B. Davis
   State Bar No. 24082898
   andrew@lkcfirm.com
   Joshua P. Morrow
   State Bar No. 24106345
   josh@lkcfirm.com
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
(512) 727-4755 (Fax)

**Counsel for Relator**

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(2)(C), because it contains 5,035 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1). I certify that the foregoing document complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e), because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font.

*/s/ Scott A. Keller*
Scott A. Keller

**CERTIFICATE OF SERVICE**

As required by Texas Rules of Appellate Procedure 6.3 and 9.5(b), (d), and (e), I certify that on July 31, 2025, the foregoing document was filed with the Clerk of the Court using the eFileTexas.gov electronic filing system, which will send notification to the email addresses denoted on the Service Contacts List. I also certify that a copy of the foregoing document was mailed to Respondent by certified mail, return receipt requested, to 200 West Houston St., Suite 219, Marshall, Texas 75670.

/s/ Scott A. Keller
Scott A. Keller

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joshua Morrow on behalf of Joshua Morrow
Bar No. 24106345
josh@lkcfirm.com
Envelope ID: 103845734
Filing Code Description: Other Brief
Filing Description: Reply Brief in Support of Petition for Writ of Mandamus
Status as of 8/1/2025 7:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kennon L.Wooten | | kwooten@scottdoug.com | 7/31/2025 5:27:48 PM | SENT |
| Angela Goldberg | | agoldberg@scottdoug.com | 7/31/2025 5:27:48 PM | SENT |
| Jonathan Wilkerson | 24050162 | jonathan.wilkerson@lanierlawfirm.com | 7/31/2025 5:27:48 PM | SENT |
| Melissa Smith | 24001351 | melissa@gillamsmithlaw.com | 7/31/2025 5:27:48 PM | SENT |
| William Peterson | 24065901 | willpete@gmail.com | 7/31/2025 5:27:48 PM | SENT |
| Samuel Baxter | 1938000 | sbaxter@mckoolsmith.com | 7/31/2025 5:27:48 PM | SENT |
| Brian McBride | 24002554 | scott.mcbride@morganlewis.com | 7/31/2025 5:27:48 PM | SENT |
| Zeke DeRose | 24057421 | zeke.derose@lanierlawfirm.com | 7/31/2025 5:27:48 PM | SENT |
| Jennifer Truelove | 24012906 | jtruelove@mckoolsmith.com | 7/31/2025 5:27:48 PM | SENT |
| Alex Brown | 24026964 | alex.brown@lanierlawfirm.com | 7/31/2025 5:27:48 PM | SENT |
| Lynne Kurtz-Citrin | 24081425 | lynne.kurtz-citrin@oag.texas.gov | 7/31/2025 5:27:48 PM | SENT |
| Jonathan Bonilla | 24073939 | Jonathan.Bonilla@hhs.texas.gov | 7/31/2025 5:27:48 PM | SENT |
| W. Mark Lanier | 11934600 | jrm@lanierlawfirm.com | 7/31/2025 5:27:48 PM | SENT |
| Heidi Rasmussen | 24090345 | heidi.rasmussen@morganlewis.com | 7/31/2025 5:27:48 PM | SENT |
| Nadia Burns | 24041176 | nadia.burns@oag.texas.gov | 7/31/2025 5:27:48 PM | SENT |
| Ruth Adams | | radams@scottdoug.com | 7/31/2025 5:27:48 PM | SENT |
| Steve McConnico | | smcconnico@scottdoug.com | 7/31/2025 5:27:48 PM | SENT |
| Jordan Kadjar | | jkadjar@scottdoug.com | 7/31/2025 5:27:48 PM | SENT |
| John Dodds | | john.dodds@morganlewis.com | 7/31/2025 5:27:48 PM | SENT |
| Erica Jaffe | | erica.jaffe@morganlewis.com | 7/31/2025 5:27:48 PM | SENT |
| W. Mark Lanier | | WML@LanierLawFirm.com | 7/31/2025 5:27:48 PM | SENT |
| Vivian Egbu | | vivian.egbu@oag.texas.gov | 7/31/2025 5:27:48 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joshua Morrow on behalf of Joshua Morrow
Bar No. 24106345
josh@lkcfirm.com
Envelope ID: 103845734
Filing Code Description: Other Brief
Filing Description: Reply Brief in Support of Petition for Writ of Mandamus
Status as of 8/1/2025 7:05 AM CST

Case Contacts

| Vivian Egbu | | vivian.egbu@oag.texas.gov | 7/31/2025 5:27:48 PM | SENT |
|---|---|---|---|---|
| Lauren Sibley | | lauren.sibley@oag.texas.gov | 7/31/2025 5:27:48 PM | SENT |
| Steven Strauss | | steven.strauss@morganlewis.com | 7/31/2025 5:27:48 PM | SENT |
| joel leach | | jleach@mckoolsmith.com | 7/31/2025 5:27:48 PM | SENT |
| denise lopez | | dlopez@mckoolsmith.com | 7/31/2025 5:27:48 PM | SENT |
| Angel Devine | | adevine@mckoolsmith.com | 7/31/2025 5:27:48 PM | SENT |
| Paige Cheung | 24116193 | paige.cheung@oag.texas.gov | 7/31/2025 5:27:48 PM | ERROR |
| Cynthia  Lu | | cynthia.lu@oag.texas.gov | 7/31/2025 5:27:48 PM | ERROR |
| Radu Lelutiu | | rlelutiu@mckoolsmith.com | 7/31/2025 5:27:48 PM | SENT |
| Ryan  McCarthy | | ryan.mccarthy@morganlewis.com | 7/31/2025 5:27:48 PM | SENT |
| Bradie Williams | | bradie.williams@morganlewis.com | 7/31/2025 5:27:48 PM | SENT |